[No. 14078.   In Bank. — March 4, 1891.]

SARAH P. GRIMSHAW, Respondent, v. SARAH W. BELCHER et al., Appellants.

PAROL LICENSE — EASEMENT — REVOCATION. — As a general rule, the effect of an executed or partly executed parol license, where the act licensed is of such a nature that if granted by deed it would amount to an easement, is simply to excuse the licensee for liability for acts done in pursuance thereof, and the revocation puts an end to the license, and no further act can be justified under it.

ID. — FRAUD — RELIEF IN EQUITY. — In cases where the revocation of the license would be a fraud, courts of equity give a remedy, either by restraining the revocation, or by construing the license as an agreement to give the right, and compelling specific performance.

ID. — ENLARGEMENT OF LEVEE — INJUNCTION. — Where one land-owner has given an adjoining owner verbal permission to enlarge a levee upon a depression in his land, in order to protect the lands of the adjoining owner from overflow, and the enlargement has been made at the expense of the adjoining owner, and from his materials, an action will lie in favor of the adjoining owner to enjoin the owner of the land from tearing down, removing, or digging away any portion of the levee.

ID. — EFFECT OF INJUNCTION — REPAIR OF LEVEE. — A perpetual injunction to restrain the removal or injury of the levee does not confer a permanent right upon the adjoining owner in the property of the owner of land on which the levee is situated, or give a right to enter upon the land for the purpose of repairing the levee, or to rebuild it in the event of its destruction.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. C. Tubbs*, and *A. L. Hart*, for Appellants.

A parol license to erect a dam, drain, or culvert is revocable at any time, and it may be removed at the option of the owner of the land.   (1 Washburn on Real Property, 3d ed., pp. 544–547; *Potter* v. *Mercer*, 53 Cal. 667.)

*S. C. Denson*, and *C. H. Oatman*, for Respondent.

It would be a fraud to permit the owner of the land to revoke the license, so long as the enlarged levee can be

maintained without repair. (*Clarke* v. *Glidden*, 60 Vt. 702, and cases cited.) The executrix could bind the estate by the estoppel of the license. (*Cunningham* v. *Ashley*, 45 Cal. 485; *Herron* v. *Marshall*, 5 Humph. 443; 42 Am. Dec. 444; *Bragg* v. *Massie's Adm'r*, 38 Ala. 89; 79 Am. Dec. 82.)

De Haven, J.—The findings of the court below show that the plaintiff is the owner of a tract of land situate on the bank of the Cosumnes River, and adjoining it is another tract, owned in common by the defendants, Alice J. and Lucy E. Belcher, and the estate of J. M. Belcher, of which the defendant Sarah W. Belcher is the executrix; that to protect both of said tracts from overflow it is necessary to maintain a levee in front of both tracts; that just above the line dividing said lands, and on the land of defendants, there is a depression, which renders it necessary that the levee there should be of greater height and strength than at other points. The plaintiff had completed her line of levee, and the defendants were engaged in the repair of their levee, the line of which connected with that of plaintiff, and "it being feared that the floods would come and inundate the lands to be protected by said levee before the same could be finished, the plaintiff applied to the defendants for leave to enter upon their said land, and enlarge and repair that portion of the levee upon defendants' said land which extends across the said depression." The defendants consented, and gave permission to the plaintiff to repair, enlarge, and reconstruct the said section of levee at her own cost and expense. This the plaintiff did, the same being constructed mostly of earth hauled from the plaintiff's own land, and thus connected her own levee with that of the defendants, forming a continuous barrier against the waters of the river. The court further found that the defendants threatened and intended to tear down, remove, and dig away a portion of the said

levee, and if they should do so it would subject the land of plaintiff to overflow and would cause great and irreparable damage to her land.

The court below gave judgment enjoining defendants from doing the threatened acts. From this judgment, and an order denying their motion for a new trial, the defendants appeal.

The permission given plaintiff to construct the section of levee referred to in the findings was verbal.

The appellants urge that the license, if ever given, is one which they have a right to revoke; that a license is always revocable when the act licensed is of such a nature that if granted by deed it would amount to an easement. To sustain this position, the case of *Potter* v. *Mercer*, 53 Cal. 667, is cited, in which case it is said: "But the effect of an executed or partly executed license, though revoked, is to excuse the licensee from liability for acts done properly in pursuance thereof and their consequences; but the revocation puts an end to the license, and no further act can be justified under it." This is undoubtedly true as a general rule, and was properly applied to the facts in that case. But the judgment in this case *does not authorize the plaintiff to do any further act upon the land of appellants.* It only restrains the appellants from removing or injuring a levee built by respondent at her own cost upon the land of appellants, and with their permission, such levee so constructed being necessary, in order to protect the land of respondent from overflow and irreparable damage. Such a judgment does not, as supposed by appellants, confer upon " the respondent a permanent right in the property " of appellants. It gives her no right to enter upon the land of appellants for the purpose of repairing the levee, or to rebuild it in the event of its destruction. The distinction between the right of respondent as fixed by this judgment, and a permanent right to maintain the levee in question, is clearly pointed out in the case

of *Carleton* v. *Redington*, 21 N. H. 307. It is there said: "The authorities would seem to show that a license to erect a dam will give no right to repair and restore the dam when it has become ruinous and decayed. . . . . But if it be holden that a license to erect a dam implies also a license to repair the same at pleasure, it would seem, from many authorities, that the license cannot be sustained."

As to the right of the respondent to maintain this action upon the facts found by the court, there is a conflict in the decisions in the different states, many courts holding to the contrary. There are cases, however, which hold that such an action is maintainable, and we think these state the rule which is most in consonance with principles of equity.

In *Veghte* v. *Raritan Water Power Co.*, 19 N. J. Eq. 142, the court say that "in cases where the revocation would be a fraud, courts of equity give a remedy, either by restraining the revocation, or by construing the license as an agreement to give the right, and compelling specific performance by deed, as of a contract in part executed."

In the case of *Clark* v. *Glidden*, 60 Vt. 702, it is held that "a license to lay an aqueduct to a spring of water on one's land is irrevocable during the existence of the aqueduct; and a court of equity, on the ground of equitable estoppel, will protect the licensee in the use of the aqueduct, and will grant and continue an injunction restraining the owner of the spring from interfering with the aqueduct until its decay; for a revocation of the license would operate as a fraud."

And this same principle has been affirmed in the case of *Lee* v. *McLeod*, 12 Nev. 284.

Appellants further insist that the findings are not sustained by the evidence, but we cannot say from the record that the court committed any error in this respect.

Judgment and order affirmed.

PATERSON, J., SHARPSTEIN, J., and GAROUTTE, J., concurred.

McFARLAND, J., concurring. — I concur in the judgment, but I base my concurrence upon the particular facts of this case. A rule which applies to two coterminous owners of land, who unite in a continuous line of levee for the protection of both, would not apply to many other instances of parol license.

HARRISON, J. — I concur in the judgment.

Rehearing denied.