Filed Nov. 3, 1891.

---

No. 15,173.

SAUCER v. KELLER ET AL.

LICENSE.—*Executed.*—*Power of Revocation.*—Where A., in pursuance of a parol license, entered upon the lands of B. and put in a tile ditch intersecting a ditch theretofore constructed upon B.'s land, and expended money and labor,

*Held*, that the license became an executed one, and that B. could not revoke it at will, and obstruct the ditch and take out the tiling.

From the Howard Circuit Court.

R. Kimple, J. C. Blacklidge, W. E. Blacklidge and B. C. Moon, for appellant.

J. F. Elliott and S. L. Kirkpatrick, for appellees.

OLDS, J.—The appellant and the appellees were adjoining land-owners.    The land of the appellees was wet, and unfit for cultivation without drainage, and the natural and only outlet for the drainage of appellees' land was across the land of the appellant.

The appellees being desirous of draining their lands entered into a parol agreement with the appellant whereby appellees were allowed to connect the ditches upon their own land with a ditch on the land of the appellant, by constructing and putting in tile drain across the land of the appellant and intersecting with the ditch upon his land, thereby affording drainage for the appellees' land, the appellees agreeing to pay the appellant a compensation for such privilege, the amount to be fixed after the drain was completed, by appellant and appellees each selecting a disinterested person to fix the amount to be paid.    In pursuance of this agreement the appellees proceeded to and did put in said tile ditch, connecting the ditches upon their own land with that upon appellant's land, at their own expense, and when completed selected a person to act for them in fixing the amount of compensation to be paid.    The appellant neglected and refused to select any person to act for him in pursuance of said agreement.    After the lapse of nearly two years the appellant, without authority, wrongfully took up some of the tiling in the ditch so constructed by the appellees upon his land, and thereby obstructed the ditch and drainage of appellees' land.

The appellees file their complaint in this action, alleging, in substance, the foregoing facts, and that they have at all times been willing to pay the amount fixed by the persons to be chosen to assess the amount to be paid appellant, and that they are willing to pay a reasonable sum.    They further

allege that appellant is threatening to, and is about to, take up other portions of the ditch, and to change the line of the ditch on his land which their ditch intersects, thereby destroying their means of drainage, asking for damages and for a restraining order preventing the appellant from further interfering with such drainage.

Issue was joined by answer of general denial. The cause was tried by the court, resulting in a finding and judgment for the appellees.

Errors are assigned that the complaint does not state facts sufficient to constitute a cause of action, and in overruling a motion for a new trial.

The question is presented as to the validity of the license to enter upon the land of the appellant and construct the drain.

In the case of *Ferguson* v. *Spencer*, 127 Ind. 66, the law in regard to parol license is well stated as follows: "It is everywhere settled that a parol license to use the land of another is revocable at the pleasure of the licensor, unless the license has been given upon a valuable consideration, or money has been expended on the faith that it was to be perpetual or continuous. Where a license has been executed by an expenditure of money, or has been given upon a consideration paid, it is either irrevocable altogether, or can not be revoked without remuneration, the reason being that to permit a revocation without placing the other party *in statu quo*, would be fraudulent and unconscionable." It is further said: "Where a license is coupled with an interest, or the licensee has done acts in pursuance of the license which creates an equity in his favor, it can not be revoked." *Hall* v. *Hedrick*, 125 Ind. 326; *Messick* v. *Midland R. W. Co.*, 128 Ind. 81.

The facts in the case at bar show that the appellees' natural and only outlet for the drainage of their land was across the lands of the appellant. By proper legal proceedings they could have obtained drainage over and across the land of

the appellant. Instead of resorting to the remedies afforded by the drainage laws, the parties enter into a mutual agreement whereby appellees were given a parol license to enter upon the lands of the appellant and put in a tile ditch, intersecting a ditch theretofore constructed on appellant's lands. The appellees, in pursuance of the parol license given to them, entered upon appellant's land and expended money and labor and put in the ditch, and it became an executed license; the appellees did all they could, the ditch was completed affording them a drainage for their lands. Upon the faith of the license they constructed the ditch and selected one of the arbitrators, and were ready and willing to pay any reasonable compensation for such use of the appellant's lands. They were guilty of no breach of the contract, and the appellant could not revoke the license at will and obstruct the ditch and take out the tiling. The complaint alleges a threatening to further interfere with the drainage. The complaint is sufficient.

It is next urged that the finding is not supported by sufficient evidence. We have examined the record. There is some evidence to support the finding.

There is no error in the record.

Judgment affirmed, with costs.

Filed Nov. 5, 1891.