## FLICK et al. v. BELL.

### Sac. No. 11; December 6, 1895.

#### 42 Pac. 813.

**Parol License—Revocation.—A Land Owner Orally Granted B a License** to construct a reservoir and lay pipes on his land to convey water from a certain spring, in consideration that B would give him the right to use such water in case of fire, and would so construct the reservoir as to enable him to take water therefrom in case of fire. There was no agreement as to the time they should be maintained. B afterward expended $1,500 in improvements, which were used by him and such land owner. Held, that the land owner, or his grantees with actual notice, could revoke such license only on condition that the licensee should be permitted to remove his improvements, if it could be accomplished without material loss, or, if not, that the licensor should make just compensation therefor.[1]

APPEAL from Superior Court, Shasta County; Edward Sweeny, Judge.

Action by Carl Flick and others against Joseph E. Bell to enjoin defendant from removing certain water-pipes and destroying a certain reservoir situated on plaintiffs' land, to

---

[1] **Cited** and followed in Wallace v. Dodd, 136 Cal. 211, 68 Pac. 693, a case where a mortgagee, previous to foreclosure, had disclaimed intention to hold on to nursery stock on the premises. It was held he was estopped after the period of redemption had expired.

adjudge that defendant had no right or claim to such pipes and reservoir, and to quiet plaintiffs' title thereto. From a judgment for defendant and from an order denying their motion for a new trial plaintiffs appeal. Affirmed.

Frank W. Smith and L. V. Hitchcock for appellants; Aaron Bell, Clay W. Taylor and J. Chadbourne for respondent.

HAYNES, C.—This suit was brought by appellants to enjoin the defendant from removing certain water-pipes and destroying a certain reservoir situate upon the lands of appellants, and to adjudge that respondent has no right or claim to said pipes and reservoir, and to quiet plaintiffs' title thereto. The answer of defendant alleged that in 1890 one Samuel Gruber was the owner in fee and in the possession of the lands, described in the plaintiffs' complaint; that defendant then desiring to construct said reservoir and lay said pipes for the purpose of conveying water from a certain spring, and using the same for power and other useful purposes, upon respondent's premises, in the town of Shasta, applied to said Gruber for the right, license, and privilege to construct said reservoir and lay said pipes in and upon said land; that Gruber, in consideration that the defendant would give him the right to use water from said reservoir in case of fire, and would so construct the reservoir, with trapdoors and openings, as to enable him to take water therefrom in case of fire, orally granted defendant the right, license, and privilege to construct said reservoir and lay down said pipes; that defendant agreed to the terms and conditions imposed by Gruber, and constructed said reservoir and laid said pipes, and that said Gruber and defendant used and continued to use and enjoy the same uninterruptedly until said Gruber conveyed said land to plaintiffs, in August, 1892; that plaintiffs purchased said lands with full and actual notice and knowledge thereof; that defendant constructed said reservoir and laid said pipes, and that the same belonged to and were the property of defendant; and that, ever since the purchase and occupation of said lands by plaintiffs, defendant has continued to use and enjoy said reservoir and pipes in the same manner as before, down to the commencement of this action, without objection and with the acquiescence of plaintiffs. The answer further alleged that plaintiffs have never revoked

said right, license and privilege, nor attempted to rescind said agreement so made and entered into by said Gruber and defendant. The findings followed the allegations of the answer, and judgment was entered for the defendant for costs. The appeal herein is by the plaintiffs, from said judgment, and from an order denying their motion for a new trial. The errors specified go to the sufficiency of the evidence to sustain the findings, and to certain alleged errors in the admission and rejection of testimony, and that the findings do not support the judgment.

As to the first and second findings of fact, it is sufficient to say that the evidence is conflicting, and these findings therefore cannot be disturbed. As to the third finding, to the effect that plaintiffs had not revoked the rights, privileges or license granted by Gruber to the defendant, nor given any notice of their intention to do so, nor taken any steps to rescind the agreement for which said rights and privileges were granted, it is contended by appellants that the conveyance of the lands by Gruber to the plaintiffs was a revocation of the license, and that the beginning of the present action is evidence of the revocation of any right, privilege, or license existing prior thereto; and this finding, and the further contention on the part of the appellants that the pipe and reservoir became part of their land, and that respondent has no right to remove the same, present the principal questions in the case.

The excavation for the reservoir in question was ten by fourteen feet, and five feet in depth, and was walled up with stone and cement. From the spring to the reservoir there is about two thousand five hundred feet of pipe, part of it one and one-fourth inches, and the remainder one and three-fourths inches, in size; and from the reservoir to defendant's place in the town of Shasta, where the water is used, there is eight hundred or nine hundred feet of pipe. At the time the excavation was commenced, defendant supposed the place selected was upon the townsite. Finding that he was upon Gruber's land, he obtained permission, as the court found, to proceed with and complete the work, upon condition that he would provide means of access to the reservoir, so that, in case of fire, Gruber might use the water. This condition the defendant complied with. At the time the license was given by Gruber, the defendant had expended about $100, and about

$1,500 more was expended in completing the work. There does not appear to have been any agreement or understanding as to the length of time the pipe-line or reservoir should be maintained. That an unexecuted parol license may be revoked by the licensor at any time, either expressly, or by a conveyance of the premises to be affected thereby, or that his death will so operate, is clearly settled; but, as to executed parol licenses, the decisions in the different states are not only conflicting, but incapable of being reconciled. One line of cases holds that a parol license to be exercised upon the land of another creates an interest in the land, is within the statute of frauds, and may be revoked by the licensor at any time, no matter whether or not the licensee has exercised acts under the license, or expended money in reliance thereon. Another line of cases holds that the licensor is deemed to be equitably estopped from revoking the license after permitting the licensee to perform acts thereunder, or to make expenditures in reliance upon the license. In Flickinger v. Shaw, 87 Cal. 126, 22 Am. St. Rep. 234, 11 L. R. A. 134, 25 Pac. 268, it was held that an executed license may become an agreement for a valuable consideration, and where the revocation of the license would operate as a fraud upon the licensee, who has expended money and made improvements upon the faith of it, equity will hold the owner of the land as a trustee ex maleficio, to prevent such revocation; and in Grimshaw v. Belcher, 88 Cal. 217, 22 Am. St. Rep. 298, 26 Pac. 84, it was held that, "in cases where the revocation of the license would be a fraud, courts of equity give a remedy, either by restraining a revocation, or by construing the license as an agreement to give the right, and compelling specific performance"; and the following authorities from other states more or less directly support the conclusion reached in those cases: Clark v. Glidden, 60 Vt. 702, 15 Atl. 358; Morton Brewing Co. v. Morton, 47 N. J. Eq. 158, 20 Atl. 286; Southwestern R. R. Co. v. Mitchell, 69 Ga. 114; Cook v. Pridgen, 45 Ga. 331, 12 Am. Rep. 582; Curtis v. Water Co., 20 Or. 34, 10 L. R. A. 484, 23 Pac. 808, and 25 Pac. 378; Nowlin v. Whipple, 120 Ind. 596, 6 L. R. A. 159, 22 N. E. 669; Saucer v. Keller, 129 Ind. 475, 28 N. E. 1117; Pierce v. Cleland, 133 Pa. 189, 7 L. R. A. 752, 19 Atl. 352; Lee v. McLeod, 12 Nev. 280. Coming to the case before us, if the license given by Gruber to the defendant is revocable

unconditionally, at his pleasure, or that of his successors in interest, and upon such revocation the personal property placed by defendant upon the licensor's land becomes his property, it follows that Gruber might have revoked the license the moment the defendant had completed the work, and before he had enjoyed for a single day the fruits of his labor and the expenditure of his money. Such revocation, followed as it must be (upon the theory of appellants) with the absolute forfeiture and loss of defendant's labor and property, would shock the sense of justice of every right-minded man, and would be a stain upon the administration of justice. Nor is it necessary, in order to do justice, to hold that the license given by Gruber amounted to a grant of any interest in the land, nor, upon the other hand, to hold that the license is not revocable at the pleasure of the licensor; but in such cases equity may impose, as a condition of such revocation, that the licensee may remove his improvements, if that can be accomplished without material loss, or, if not, that the licensor shall make just compensation therefor, as the circumstances of the case may require. The license given by Gruber having been executed by the defendant at large expense, the plaintiffs, having purchased with notice of the facts, are in no better position than Gruber, who granted the license. Their action was not brought for the purpose of revoking the license upon such terms as equity might impose, but for the purpose of depriving the defendant, not only of the use of the improvements under the license, but of all right of property in the improvements, and of appropriating the same to their own use, without compensation to the defendant. The evidence of Tucker and Hocking was properly admitted, as it tended to prove the fact that a license was given by Gruber.

Appellants' contention, that "the issue presented by the pleadings as to whether or not the pipe and reservoir had been attached to and become a part of the real estate" should have been found by the court, is not sound. That is a conclusion of law from the facts, and as such was found by the court. We find in the record no ground upon which the judgment and order should be reversed, and advise that they be affirmed.

We concur: Britt, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.