[S. F. No. 1972.   Department One.—February 7, 1900.]

F. R. BENSON et al., Appellants, v. WILLIAM L. BUNTING et al., Defendants.   WILLIAM L. BUNTING, Respondent.

Mortgage—Sale under Foreclosure—Time for Redemption—Change of Statute.—The change of the statutory time for redemption from six months to twelve months by the amendment of 1897 to section 702 of the Code of Civil Procedure did not affect the time for redemption under foreclosure of a mortgage executed prior to that amendment.

Id.—Misrepresentations as to Time for Redemption—Employment of Defendant's Attorneys—Refusal of Tender—Fraud—Equitable Relief.—Where the plaintiff, in an action to foreclose a mortgage executed prior to 1897, employed the defendant's attorneys to

make the bid at the sale, and misrepresented through them to the defendant that he had twelve months in which to redeem, and defendant, relying on the truth of the representations, neglected to redeem within six months, as he otherwise would have done, and tendered a full redemption within the twelve months, the refusal to accept the tender operated as a fraud upon the defendant, and he is entitled to equitable relief, regardless of whether the misrepresentations were fraudulently or honestly made.

ID.—EQUITABLE ESTOPPEL OF PLAINTIFF.—In such case, the plaintiff is equitably estopped to insist upon the statutory period, on the ground that the defendant was lulled by the plaintiff's assurances into a false security, notwithstanding the assurances were not in writing, and were made without consideration.

ID.—MUTUAL MISTAKE AS TO THE LAW.—A plain and acknowledged mistake of law is not beyond the reach of equity; and where all parties understood the law alike, all making the same mistake, and where the mistake operates to deprive one of the parties of a valuable right, such as that of redemption, and to give to the other party a material advantage not contemplated by either, a court of equity will adjust their rights as though the law relating thereto was in fact as the parties supposed it to be, if necessary to do justice between them.

APPEAL—SERVICE OF NOTICE UPON FICTITIOUS DEFENDANTS—DISMISSAL.—An appeal will not be dismissed for failure of a plaintiff appealing to serve his notice of appeal upon defendants fictitiously named where no service of summons was made upon anyone under the fictitious names, and no appearance was made by any other defendant than the one served with the notice of appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion.

Ben B. Haskell, and William B. Sharp, for Appellants.

Edward C. Harrison, for William L. Bunting, Respondent.

HAYNES, C.—In 1892 Margaret Reese and Mary E. Dever, two of the plaintiffs in the action, executed to one William M. Iburg a mortgage upon the real estate described in the complaint herein, to secure the payment of money.   In a proceeding to foreclose said mortgage, a decree for the sale of the mortgaged premises was entered on April 13, 1897, and on June 1, 1897,

the mortgaged premises were sold to defendant Bunting for the
sum of nine hundred and fifty dollars, and on February 1, 1898,
the commissioner who made the sale conveyed said premises to
the purchaser. In January, 1898, the defendants in the fore-
closure case offered to redeem said premises from said sale, and
tendered to Bunting the full amount required to effect such re-
demption, which was refused, and this action is prosecuted to
obtain a decree permitting them to redeem, notwithstanding
the statutory period for redemption had expired before their
offer to redeem was made. The other defendants were fictitious
persons who were not served, and Bunting will be regarded as
the sole defendant.

The complaint contains two counts or causes of action; the
first alleging that plaintiffs were induced, through the fraud of
the defendant, to believe that they had, under the statute,
twelve months within which to redeem the premises sold, and
the second count was based upon the alleged mutual mistake
of all the parties, all believing and agreeing that the mortgagors
had twelve months within which to redeem, when in fact the
law gave them but six months. The defendant demurred to
each count upon the ground that the facts stated did not con-
stitute a cause of action. The demurrers were sustained and
judgment of dismissal entered, and plaintiffs appeal.

In 1892, when the mortgage was executed, the statute pro-
vided that redemption might be made at any time "within six
months after the sale." (Code Civ. Proc., sec. 702.) This sec-
tion was amended February 26, 1897, by extending the time for
redemption to "twelve months," the amendment to take im-
mediate effect; and in the second count it was alleged, in sub-
stance, that all the parties understood and agreed that said
amendment which was passed and took effect before the de-
cree was entered in the foreclosure case, controlled, and that
under it the time for redemption was extended to twelve
months. It is conceded by plaintiffs that the statutory time
within which redemption must be effected is fixed by the stat-
ute in force at the time the mortgage was executed, and not
by one subsequently enacted, and that, under the statute, they
should have redeemed within six months from the date of the
sale.

It is alleged in the first cause of action that at the time of the sale, and repeatedly thereafter, until the last of January, 1898, the defendant represented to the plaintiffs that they had a full year in which to redeem; that prior to the sale the plaintiffs employed certain attorneys, who continued in their employment until the 29th of March, 1898; that on June 1, 1897 (the day of the foreclosure sale), Bunting employed the same attorneys, ostensibly to act for him in bidding for said property at said sale, but in reality to deceive the plaintiffs and lead them to believe that they had a full year in which to redeem said property, and that they, as well as defendant Bunting, then, and repeatedly afterward, until January 31, 1898, knowing that plaintiffs reposed full confidence in them, and intending to cheat and defraud the plaintiffs in the interest and for the benefit of defendant Bunting, informed them that they had a full year in which to redeem, that these representations were false, and were so made in a manner not warranted by the information of the defendant or of his said attorneys, and were so made with intent to deceive the plaintiffs.

Respondent insists that this mode of alleging actual fraud applies only to cases of contract, as specified in section 1572 of the Civil Code, and also insists that the allegations of fraud are not sufficiently specific; that the alleged misrepresentation was of a matter of law and not of fact, and after all was a mere matter of opinion, that there was no confidential or fiduciary relation between the plaintiff and defendant, and that plaintiff had no right to rely upon his representations.

I think, however, that the allegations touching defendant's employment of plaintiffs' attorneys, and the allegations touching their intention in making the alleged representations, are sufficient as tested by general demurrer; but if it be conceded that the representations made by the defendant and by the attorneys, who it would seem from the allegations were acting for both parties, were honestly made, and without any intention to deceive or mislead, enough is alleged to entitle plaintiffs to relief; that if upon the trial the court should find that these representations were honestly made, and without any intention to mislead or deceive the plaintiffs, and that, relying upon the correctness of the representations so made, they failed to re-

deem within six months, as they would otherwise have done, and within the twelve months, which they were assured they had under the law, they offered to redeem and tendered the redemption money due at the date of the tender, they would be entitled to relief. It is alleged that if they had not been informed and believed that they had a year in which to redeem their property, they would have redeemed it within the six months; that the property was of the value of five thousand dollars, and was sold to defendant for nine hundred and fifty dollars. If, therefore, it be conceded that the representations touching the time for redemption were made with an honest, though erroneous, belief that they were true, no injustice would be done the defendant in permitting the plaintiffs now to redeem. Upon that supposition the defendant made his bid upon the basis of a twelve month period for redemption, and he should have accepted their offer to redeem made within that time, and his refusal to do so operated as a fraud upon them, and entitled them to relief in equity.

Upon this subject the supreme court of the United States said: "Defendant relies mainly upon the fact that the statutory period of redemption was allowed to expire before this bill was filed, but the court below found in this connection that, before the time had expired to redeem the property, the plaintiff was told by defendant Stephens that he would not be pushed, that the statutory time to redeem would not be insisted upon, and that the plaintiff believed and relied upon such assurance. Under such circumstances, the courts have held with great unanimity that the purchaser is estopped to insist upon the statutory period, notwithstanding the assurances were not in writing and were made without consideration, upon the ground that the debtor was lulled into a false security. (*Guinn v. Locke*, 1 Head, 110; *Combs v. Little*, 4 N. J. Eq. 310; 40 Am. Dec. 207; *Griffin v. Coffey*, 9 B. Mon. 452; 50 Am. Dec. 519; *Martin v. Martin*, 16 B. Mon. 8; *Butt v. Butt*, 91 Ind. 305; *Turner v. King*, 2 Ired. Eq. 132; 38 Am. Dec. 679; *Lucas v. Nichols*, 66 Ill. 41; *McMakin v. Schenck*, 98 Ind. 264.) In *Southard v. Pope*, 9 B. Mon. 261, 264, it is said that 'a refusal by the purchaser to accept the money and permit the redemption to be made within the time agreed would be a fraud upon the

defendant in execution, and authorize an application by him to a court of equity for relief.' " (*Schroder v. Young*, 161 U. S. 334, 344.)

2. As to the second count, we think it clearly sufficient to justify a judgment permitting the plaintiff to redeem. Section 1578 of the Civil Code defines a mistake of law to be: "1. A misapprehension of the law by all parties, all supposing they knew and understood it, and all making substantially the same mistake as to the law."

The mistake, as to which statute governed the right of redemption in that particular case, was one which might be readily made. The redemptioners might well rely upon the statements of the defendant and of counsel, and have adopted their views as to the time given by law for redemption. The mistake was one which related to rights which the redemptioners had in the property sold under the decree of foreclosure, and was solely in regard to the time within which an undisputed and well-understood legal right might be exercised. All understood the law alike, all making the same mistake; and where, as in this case, the mistake operates to deprive one of the parties of a valuable right, and to give the other a material advantage not contemplated by either, a court of equity will adjust their property rights as though the law relating thereto was, in fact, as the parties supposed it to be, if that becomes necessary to do justice between them. In *Hunt v. Rousmanier*, 8 Wheat. 174, 215, Chief Justice Marshall said: "Although we do not find the naked principle that relief may be granted on account of ignorance of law asserted in the books, we find no case in which it has been decided that a plain and acknowledged mistake in law is beyond the reach of equity."

In view of our conclusions hereinbefore stated, it is not necessary to consider the question of inadequacy of the price paid for the property by the defendant, further than to say that the inadequacy here alleged, conceding that it was not so gross as to constitute a ground for vacating the sale where the statute gives a right of redemption, is a proper allegation in a bill in equity to redeem, as it shows that the equity involved is valuable and important.

Respondent contends that the appeal should be dismissed

upon the ground that the two fictitious defendants named in the complaint should have been served with the notice of appeal. It is sufficient to say that no service of process was made upon them, or upon any person intended to be represented by these names, nor was there any appearance by them, or by any person other than defendant Bunting. These fictitious persons could not be affected by any judgment this court or the court below might render.

I advise that the judgment appealed from be reversed, with directions to the court below to overrule the demurrer to each cause of action.

Chipman, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed, with directions to the court below to overrule the demurrer to each cause of action.

Harrison, J., Garoutte, J., Van Dyke, J.