[L. A. No. 971. Department Two.—April 4, 1902.]

BLANCHE W. WALLACE et al., Respondents, v. ALLEN DODD, Appellant.

MORTGAGE—NURSERY STOCK ON MORTGAGED LAND—SHERIFF'S DEED— ESTOPPEL—REPLEVIN.—A mortgagee who acquired title to the mortgaged premises by the sheriff's deed under foreclosure, after giving assurance to the mortgagor that he claimed no interest in nursery stock of great value placed by the mortgagor on the mortgaged land, and that he would not claim the trees when he got his sheriff's deed, is estopped thereafter to deny the mortgagor's title and right of possession of the nursery stock, and the mortgagor may maintain an action to recover the possession thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. D. K. Trask, Judge.

The facts are stated in the opinion.

Walter F. Haas, for Appellant.

Goodrich & McCutchen, and J. A. Donnell, for Respondent.

GRAY, C.—This action was brought to recover possession of a nursery stock. The plaintiffs obtained judgment, and defendant appeals therefrom and from an order denying him a new trial. The defendant in this case held a mortgage on block 49 of Ramona, in Los Angeles County. The nursery stock was brought onto said premises and planted between rows of orange-trees by the owner of the land after the execution of the mortgage. Thereafter the plaintiff Blanche Wallace succeeded to whatever title the owner of the land had in said nursery stock. Subsequently the defendant foreclosed the mortgage and became the purchaser of the premises at the foreclosure sale, and thereafter, and shortly before the commencement of the present action, received a sheriff's deed therefor. It was admitted at the trial by appellant, and, we think, must be conceded here, that under the facts of this case the nursery stock was not subject to the lien of the mortgage, but might have been removed by its owners from the premises at any time before the execution of the sheriff's deed. But it is earnestly contended that it passed to the appellant by that

deed, and could not thereafter be removed by the previous owner without appellant's consent. We think, on the evidence and findings before us, this contention cannot be upheld in this case, whatever the general rule in the premises may be.

The mortgage was given to secure a loan of two thousand dollars, one thousand of which went to pay off a prior mortgage on the premises, and the other thousand was put into the nursery stock in controversy. There is evidence to show that this nursery stock is of a value of more than twelve thousand dollars, and the court so found. At the foreclosure sale the land brought only twelve hundred and fifty dollars. The evidence and findings show that while this nursery stock was being planted, irrigated, cultivated, and from time to time parts of it being sold, the appellant expressly disclaimed any lien on it or other interest in it. Shortly before the execution of the sheriff's deed appellant promised plaintiffs "that he would not claim those trees when he got his sheriff's deed." The appellant in his testimony denied all this, but the findings treat the direct testimony of one of the respondents on this question as true, and we think the findings correct; for it seems almost incredible that plaintiffs should permit the time to redeem to expire without removing this valuable property unless they had some assurance that defendant would permit them to remove it after that time. The facts and findings clearly show that the stock was permitted to remain on the premises after the time for redemption had expired by the leave and license of defendant previously given, and it would be a gross fraud upon plaintiffs to permit defendant now to refuse the removal, and the court will not become a party to any such fraud. The same rules of estoppel apply to this case as were applied in the cases of *Flick* v. *Bell,* 42 Pac. Rep. 813, (a California case) ; *Flickinger* v. *Shaw,* 87 Cal. 126 ;[1] *Grimshaw* v. *Belcher,* 88 Cal. 217 ;[2] *Schroeder* v. *Young,* 161 U. S. 334; and *Benson* v. *Bunting,* 127 Cal. 532.[3] In *Schroeder* v. *Young,* the supreme court of the United States says:—

"Defendant relies mainly upon the fact that the statutory period of redemption was allowed to expire before this bill was filed, but the court below found in this connection that before the time had expired to redeem the property, the plain-

---

[1] 22 Am St. Rep. 234.          [3] 78 Am. St. Rep. 81.
[2] 22 Am. St. Rep. 298.

tiff was told by the defendant Stephens that he would not be pushed, that the statutory time to redeem would not be insisted upon, and that the plaintiff believed and relied upon such assurance.  Under such circumstances the courts have held with great unanimity that the purchaser is estopped to insist upon the statutory period, notwithstanding the assurances were not in writing, and were made without consideration, upon the ground that the debtor was lulled into a false security.''

The defendant by his acts and declarations being estopped to deny plaintiffs' title and right of possession to the property involved, the findings to that effect were decisive of the case and show that plaintiffs were entitled to the judgment rendered, whatever might be determined as to the other points discussed in the briefs.  It is therefore unnecessary to further notice those points.

The judgment and order should be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Temple, J.