[Civ. No. 1350.   First Appellate District.—October 7, 1914.]

WILLIAM J. SHELLER, Appellant, v. S. LIVINGSTON and F. DEUTSCH (Partners Doing Business Under the Name and Style of Western Machinery Company), Respondents.

CLAIM AND DELIVERY—PARTNERSHIP PROPERTY—AWARD TO PARTNER ON DISSOLUTION—LIEN FOR STORAGE—SUFFICIENCY OF TENDER.—Where certain copartnership property was awarded by order of court to one of the partners in a dissolution suit, but, before the award, was delivered by the other partner to third persons for storage at an agreed price, and, on demand for delivery of the property by the partner to whom it had been awarded, the parties having possession of it asserted a claim of lien for storage charges and also for goods sold and delivered to the other partner, the fact that no actual production of the money was made, in an offer to pay the storage charges, does not render the tender ineffectual, where no objection was made on this ground in the rejection of the offer.

ID.—CONSTRUCTION OF SECTION 2074 CODE CIVIL PROCEDURE AND SECTION 1500 CIVIL CODE—EXTINGUISHMENT OF OBLIGATION—OFFER TO PAY. The contention that section 2074 of the Code of Civil Procedure and section 1500 of the Civil Code provide the method of procedure in such case is without merit. The former section does not prescribe the mode of tender, but rather a method of extinguishing an obligation when that object is sought; the latter section relates to an offer *in writing* to pay, and is a mere rule of evidence.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial.   John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

J. K. Johnson, for Appellant.

Louis H. Brownstone, for Respondents.

RICHARDS, J.—This is an action for claim and delivery brought to recover the possession of a certain gas engine with appurtenances.

The property belonged to the plaintiff and one de Bretteville, as partners, doing business under the name and style of the American Sand Blast Company.

In an action for the dissolution of that copartnership, the property in question was awarded to the plaintiff herein by the court.

Prior thereto it had been delivered by de Bretteville to the defendants in this action, for storage at an agreed price of five dollars a month.

Defendants had sold and also rented certain goods to de Bretteville.

Subsequent to the award of the property to plaintiff in the action for the dissolution of the copartnership, and before the commencement of this action, a demand was made by plaintiff herein upon the defendants for its possession.

At the time the demand was made, one of the defendants asserted a claim of lien in the property for the storage charges and also for the goods sold and rented to de Bretteville.

Plaintiff offered to pay the amount of the storage charges, but refused to pay the amount claimed to be due for the goods so sold and rented.

Defendants refused to deliver up the machinery under this offer, whereupon plaintiff sued defendants in claim and delivery, and the defendants in their answer and by way of counterclaim and cross-complaint set up a lien for the storage and for the goods sold and rented to de Bretteville.

The court below found against the defendants on all the issues tendered by them except their claim of lien for storage and found in favor of the plaintiff on all of said issues, but found for the defendants on the issue of tender made by the plaintiff to the defendants of the amount of the storage charges.

Judgment was thereupon given for the defendants—plaintiff's motion for a new trial was denied and this appeal is taken from that order.

The only point therefore involved in this appeal is the question as to the sufficiency of the tender.

The evidence upon which the finding was based is brought up on a bill of exceptions.

The evidence is without conflict and shows that plaintiff and his counsel called upon defendants with the object in view of obtaining possession of the property and offered to pay the amount of the storage charges. One of the defendants whom they met stated to them that his firm claimed a lien on the property, not only for the storage charges, but also for goods

sold to de Bretteville, and stated that he desired to submit the matter to his attorney and would give an answer later. Subsequently plaintiff's attorney was advised by an agent of the defendants that he was instructed by defendants to inform plaintiff that they refused to deliver up the machinery under the proposal made by plaintiff and had decided to hold it for the full amount of their claim.

Plaintiff in offering to pay the storage charges made no actual production in money of the amount due and it is mainly for this reason that the sufficiency of the tender is questioned.

It appears, however, from the evidence that the offer was not accepted by defendants and no objection was made by him at the time that there was no actual production of the amount due as storage charges, nor does it appear that any demand was made that the money be produced. In the absence of such objection the tender was a valid one. (Civ. Code secs. 1496, 1501; *Latimer* v. *Capay Valley Land Co.,* 137 Cal. 286, [70 Pac. 82].)

The further contention of defendants that section 2074 of the Code of Civil Procedure and section 1500 of the Civil Code provide the method of procedure to be followed in such a case is without merit.

Section 1500 of the Civil Code reads as follows:

"An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with some bank of deposit within this state, of good repute, and notice thereof is given to the creditor."

This section does not prescribe the mode of tender, but rather a method of extinguishing an obligation when that object is sought. (*Sayward* v. *Houghton,* 119 Cal. 545, [51 Pac. 853, 52 Pac. 44].) Section 2074 of the Code of Civil Procedure relates to an offer *in writing* to pay, and is a mere rule of evidence. (*Colton* v. *Oakland Bank of Savings,* 137 Cal. 376, 383, [70 Pac. 225].)

For the reasons given the order denying plaintiff's motion for a new trial is reversed, and a new trial is granted.

Lennon, P. J., and Kerrigan, J., concurred.