[Civ. No. 4855. Second Appellate District, Division One.—June 3, 1927.]

EMILE PETERSON, Appellant, v. LILLIAN M. GILBERT et al., Respondents.

[1] MORTGAGES — ACTION TO COMPEL FILING AND RECORDING OF REDEMPTION CERTIFICATE — READINESS TO REDEEM — TENDER — EVIDENCE.—In an action to compel the filing and recording of a certificate of redemption from a mortgage foreclosure sale prior to an execution sale to plaintiff, the credibility of the evidence of defendant of an attempt, within the statutory period, and readiness at all times, to redeem the property from execution sale, and the refusal of the tender, was solely for the determination of the trial judge.

[2] ID.—ATTEMPT TO REDEEM—GOOD FAITH—EVIDENCE—FINDINGS.—In such action, the evidence was sufficient to support the court's findings that defendant attempted to redeem the property in good faith within the statutory period after plaintiff purchased it at the subsequent execution sale, that plaintiff failed and refused to accept the tender, and that defendant was ready, able, and willing at all times to make redemption and pay the amount to which plaintiff was legally entitled.

[3] ID.—TENDER—WAIVER OF OBJECTION—ESTOPPEL.—In such action, where plaintiff, as purchaser at the execution sale, did not object to the form of tender made by defendant, but declined to state the amount to which he claimed to be legally entitled, and made excuses and evasions for the purpose of lulling defendant into a sense of false security until the expiration of the statutory period, with knowledge of the latter's credulity and without suggesting that he was under no legal obligation to compute the amount, he waived whatever technical defects which may have existed in the attempted tender by defendant and was estopped from claiming that no actual tender was made, under section 1511 of the Civil Code and section 2076 of the Code of Civil Procedure.

[4] ID.—PLEADING—TENDER—READINESS TO REDEEM.—In such action, the answer, which alleged that defendant in good faith attempted to redeem the property from subsequent execution sale to plaintiff and tendered all sums to which the latter was legally entitled, but that he neglected and refused to accept the tender, and containing an offer to deposit in court a sum of money in payment of all of plaintiff's legal demands, was sufficient to enable a person of ordinary intelligence to understand its meaning, al-

3. See 24 Cal. Jur. 530.

though not containing an allegation of continuing readiness to redeem.

[5] ID.—ABSENCE FROM ANSWER OF ALLEGATION OF READINESS TO REDEEM—EVIDENCE—APPEAL—SECTION 4½, ARTICLE VI, CONSTITUTION.—In such action, where plaintiff introduced evidence controverting defendant's continuing readiness to redeem, absence of an allegation of such readiness from the answer did not result in a miscarriage of justice under section 4½ of article VI of the constitution to the extent that a new trial should be granted plaintiff on account of the frailty of the pleading.

[6] ID.—MENTAL CAPACITY—PLEADING—EVIDENCE—ISSUES.—In such action, testimony as to defendant's mental incapacity to manage her business affairs was inadmissible, where the pleadings presented no issue regarding the sanity of defendant and no attempt was made to explain upon what theory such testimony was offered.

[7] ID. — ADMISSION OF EVIDENCE OF MENTAL IRRESPONSIBILITY — ABSENCE OF PREJUDICE.—In such action, the admission of evidence that defendant was mentally irresponsible and that no dependence could be placed in her statements was not prejudicial to plaintiff.

[8] ID.—JUDGMENTS—DAMAGES—QUIETING TITLE.—In such action, the judgment awarding plaintiff his entire outlay, including legal interest and costs, and quieting title to the property in defendant, was proper.

---

(1) 4 C. J., p. 848, n. 36.   (2) 42 C. J., p. 406, n. 58.   (3) 23 C. J., p. 723, n. 76.   (4) 42 C. J., p. 411, n. 73.   (5) 4 C. J., p. 1171, n. 50.   (7) 4 C. J., p. 917, n. 39.

APPEAL from a judgment of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

George E. Clifford for Appellant.

Andrew J. Copp, Jr., for Respondents.

HOUSER, J.—This is an appeal by plaintiff from a judgment in an action wherein the relief sought was that of compelling defendants to file and record a certificate of redemption from a sale by the sheriff in execution of a judgment in a suit to foreclose a mortgage.

In substance, the facts are as follows: Defendant Lillian M. Gilbert, who by reason of her marriage after the institution of the action is now known as Lillian Mary Ann Hall,

was the owner of several lots of land upon which she had given a mortgage to her co-defendant herein, Louis Brown, as security for a certain indebtedness which Mrs. Gilbert owed to him. Neither the interest nor the principal indebtedness having been paid, the mortgage was foreclosed. Within the time allowed by law Mrs. Gilbert redeemed the property from the sale under the foreclosure proceedings, and a certificate of redemption was issued and delivered to her, but which she failed to place of record. In the meantime the plaintiff in the present action secured a judgment in another action against Mrs. Gilbert on an indebtedness owing by Mrs. Gilbert to the plaintiff. In execution of his judgment the plaintiff levied upon the same property which theretofore had been sold under the execution in the foreclosure proceedings against Mrs. Gilbert and which property she had redeemed. At the sheriff's sale, under plaintiff's judgment against Mrs. Gilbert, plaintiff became the purchaser of the property. After the expiration of the statutory period from the date of plaintiff's purchase, no redemption from the sheriff's sale having been made and the certificate of redemption from the sale under the foreclosure proceedings not having been recorded, plaintiff brought the present action for the purpose of compelling defendants to record such certificate.

No answer to the complaint was filed by defendant Brown and his default was duly entered. In the answer filed by defendant Gilbert, in effect, she set up that in good faith she attempted to redeem the real property involved in the action from the sale to plaintiff, and for said purpose had offered and tendered to pay to plaintiff all sums of money to which in law plaintiff was entitled, but that plaintiff neglected and refused to accept such tender. By her answer said defendant also renewed said tender and offered to deposit a sum of money in court in payment of all legal demands by plaintiff, as by the court might be directed, and upon such payment being made, defendant prayed that her title to the property in question be quieted.

The court found in accordance with the allegations of the answer filed by Mrs. Gilbert and by an interlocutory judgment decreed that upon the deposit by her in court for the use and benefit of plaintiff of the amount of money to which the court found plaintiff was entitled, the title to said prop-

erty be quieted in Mrs. Gilbert.   The conditions imposed by
the trial court in its interlocutory judgment having been
complied with, a final judgment was rendered by which the
title to the property involved in the action was quieted in
the said defendant.

The principal contention by appellant is that the evidence
was insufficient to support the findings of fact that within
the period allowed by law after plaintiff purchased the
property at the sale thereof by the sheriff, defendant Gilbert
in good faith attempted to redeem said property; that plain-
tiff failed, neglected, and refused to accept the tender and
offer made by said defendant; and that at all times pertinent
to said tender said defendant was ready and willing to make
said redemption and to pay to plaintiff therefor the amount
of money to which he was legally entitled.

It would serve no useful purpose to set forth at length the
evidence given by defendant Gilbert relating to the time of
making such tender, the manner in which it was made, nor
the specific language and conduct employed by plaintiff in
refusing same.   Suffice it to say that said defendant testified
in substance that on many occasions within the time allowed
by law for the redemption of property from sales of the
character of that here involved, she had stated to plaintiff
personally, as well as to his attorney, that she desired to
redeem the property and to that end wished to ascertain
the amount of money necessary to make such redemption—
at the same time informing each of them respectively that
she either had the money in her possession, or at least was
in a position to get the money with which to do so; that on
none of such occasions did plaintiff make any objection to
the form or manner of such tender, but that at each of such
times either plaintiff or his attorney, or both of them, de-
clined to state the amount of money which plaintiff claimed
as that to which he was legally entitled, but made various
excuses and evasions, by reason of which said defendant was
prevented from making such redemption until after the
statutory period for so doing had expired, at which time
plaintiff absolutely refused and declined to permit such re-
demption to be made.   From other reliable evidence it ap-
peared that on each of such occasions said defendant, through
her co-defendant, Brown, was ready, able, and willing to

pay to plaintiff the full amount of money to which plaintiff was legally entitled, which latter fact was communicated to plaintiff.

[1] While the evidence given by said defendant was somewhat voluminous, confused, and at times inconsistent, one part with another, the question of the credibility to be attached thereto was one solely for determination by the judge of the trial court. [2] Separating the questionable portion of defendant's testimony from that part thereof which stood out clearly and unmistakably in support of the defense which was interposed by her, from an examination of the record herein it is clear that sufficient evidence was presented upon which to base the findings of which complaint is made.

[3] The statute (sec. 2076, Code Civ. Proc.) relating to the conditions as found by the trial court seems pertinent. It is as follows:

"The person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards." (See, also, *Kofoed* v. *Gordon,* 122 Cal. 314 [54 Pac. 1115]; *Smiley* v. *Read,* 163 Cal. 644 [126 Pac. 486].)

As hereinbefore noted, plaintiff made no objection to the form of tender made by defendant. In the case of *Latimer* v. *Capay Valley Land Co.,* 137 Cal. 286 [70 Pac. 82], a similar situation was presented. Among other things, the court said: "No objection was made at the time of the offer on the ground that it was insufficient in amount, or on any other ground, and consequently the objection made on this appeal, that the offer and tender was insufficient in amount, was waived, and must be now disregarded. (Civ. Code, sec. 1501; Code Civ. Proc., sec. 2076; *Kofoed* v. *Gordon,* 122 Cal. 314 [54 Pac. 1115].) The appellant is also precluded from now objecting—1. That the interest was not included in the tender; and 2. That the tender was too indefinite, because no such objections were made at the time of the tender. This is clearly illustrated in *Kofoed* v. *Gordon,* *supra,* 122 Cal. 314 [54 Pac. 1115].

"It is also clear that the respondent was not required to produce the money or permit it to be counted in order to constitute a valid tender, so long as the appellant did not accept the offer. 'The thing to be delivered, if any, need not in any case be actually produced, upon an offer of performance, unless the offer is accepted.' (Civ. Code, sec. 1496.)"

To the same effect, see *Sheller* v. *Livingston*, 25 Cal. App. 572 [144 Pac. 547]; *McCue* v. *Bradbury*, 149 Cal. 108 [84 Pac. 993]; *Pierce* v. *Lukens*, 144 Cal. 397 [77 Pac. 996].

In the case of *Howard* v. *Galbraith*, 13 Cal. App. 373 [109 Pac. 889], it is held that the want of ability or disposition of a defendant to perform a contract and the equivalent of his refusal to perform the same, not withdrawn before the expiration of the time limited by the contract, established a legal excuse for failure to make exact tender and demand for performance by the other party to the contract.

In *Benson* v. *Bunting*, 127 Cal. 532 [78 Am. St. Rep. 81, 59 Pac. 991], it is held that where one entitled to redeem from a sale under proceedings for the foreclosure of a mortgage was prevented from doing so within the statutory period by reason of the misrepresentations of the plaintiff in the suit, the principle of estoppel would be applied to the plaintiff in order that the defendant be enabled to make such redemption after the expiration of such statutory period.

In the instant case, during the entire time covered by the efforts made by defendant to induce plaintiff to state the amount of money which he claimed was owing to him on account of his judgment, it sufficiently appears from the evidence that in effect plaintiff was misleading defendant and lulling her into a sense of false security to the end that the statutory period allowed for redemption might expire and defendant thereby be foreclosed of her rights in the premises. While it may be said that plaintiff was under no legal obligation to compute for defendant the amount of money which would be legally required to make redemption, no statement or suggestion to that effect was ever made by plaintiff or by his attorney to defendant. From the various contacts with the defendant, plaintiff knew of defendant's credulity and led her to believe in his sincerity in the matter, at the same time apparently fully intending to trade

upon her weakness and eventually to take an unfair advantage of her. In such circumstances, following the principle announced in the case of *Benson* v. *Bunting*, 127 Cal. 532 [78 Am. St. Rep. 81, 59 Pac. 991], the plaintiff should now be held to have waived whatever technical defects which may have existed in the attempted tender made by defendant, and to be estopped from claiming that no tender was actually made.

Section 1511 of the Civil Code provides that:

"The want of performance of an obligation, or of an offer of performance, in whole or in part, or any delay therein, is excused by the following causes, to the extent to which they operate:

"1. When such performance or offer is prevented or delayed by the act of the creditor, . . .

"3. When the debtor is induced not to make it, by any act of the creditor intended or naturally tending to have that effect, . . . "

If the payment of a judgment, upon which execution has been levied, may be considered as an "obligation" within the meaning of such statute, the application thereof to the facts in the instant case may not be doubted.

It therefore becomes manifest that neither on the facts nor in the law relating thereto, as decided by the trial court, should appellant be heard to complain.

[4] Appellant also suggests that the answer of defendant Gilbert to the complaint fails "to state facts sufficient to constitute a cause of action . . . in that it does not contain an allegation of continuing readiness to redeem." While it is possible that in some respects the answer might have been more certain in its language, we are of the opinion that it contained allegations of sufficient directness to enable a person of ordinary intelligence to comprehend its meaning. That plaintiff thoroughly understood its import is made manifest by the evidence which was introduced at the trial on behalf of plaintiff in his attempt to controvert the very allegation which he now specifies was lacking in such answer. [5] Whatever may have been the weaknesses of the pleading to which reference has been had, it clearly appears that they were overlooked by plaintiff on the trial, and that in any event he suffered no detriment by reason of any

defects of the answer. The error (if such it was) did not result in a miscarriage of justice, and under section 4½ of article VI of the constitution cannot avail plaintiff to the extent that a new trial should be had on account of the frailty of the pleading.

[6] Appellant also complains that the trial court erred in admitting evidence, over plaintiff's objection, relating to the mental capacity and sanity of defendant Gilbert.

The pleadings in the action presented no issue regarding the sanity of Mrs. Gilbert; nor is any attempt made by respondent to explain upon what theory testimony of the character of that of which complaint is made was offered in evidence. It was to the effect that Mrs. Gilbert was incapable of managing her business affairs; that she was irrational in her speech and conduct; that she had no comprehension of ordinary business or legal terms; that she contradicted herself continually on unimportant matters, and that "she just simply does not know what she is talking about most of the time."

[7] While in the state of the pleadings we are convinced that such evidence was inadmissible, still we are unable to see how any injury resulted to plaintiff by reason of its admission. To the contrary, it would seem to have been a help to plaintiff in that it tended to weaken the credibility of Mrs. Gilbert's testimony relating to every vital issue in the case. It certainly did no harm to plaintiff to have the evidence introduced which tended to show Mrs. Gilbert's irresponsibility and that no dependence could be placed in her statements. It therefore clearly appears that, even though it be conceded that error was committed by the trial court in admitting the evidence to which reference has been had, the result was not prejudicial to plaintiff's substantial rights, and consequently cannot suffice as a reason for reversal of the judgment.

[8] By the judgment, the plaintiff was awarded his entire outlay in the premises, including legal interest thereon and costs, and title to the property involved in the action was quieted in the defendant. In equity and good conscience, what more could have been rightfully expected by the plaintiff is not apparent. This court is convinced that

a just judgment was rendered by the trial court.    It should be, and it is, affirmed.

York, J., concurred.

CONREY, P. J., Dissenting.—I dissent.

The sole ground of respondent's defense is that she attempted to redeem from a sheriff's sale, by making to the purchaser an indefinite offer to pay the amount required for redemption, but that the plaintiff by his conduct prevented her from redeeming, by failing to give her information concerning the actual amount necessary to make such redemption.    The evidence absolutely fails to show that any stated sum of money was ever tendered to the purchaser.    The sale was a matter of record.    The sheriff's return was on file.    The amount required to redeem was merely a matter of computation from the figures in the record.    The amount so ascertained could have been tendered.    Then it would have been the duty of the purchaser to accept the amount offered, or else to state to the party offering to redeem, any facts showing that the amount offered was not sufficient.

But until an actual tender made, of some definite sum, the purchaser was not under obligation to act in the matter. He did not mislead respondent at all.    He simply stood upon his rights.    This he was entitled to do.    The fact that the plaintiff might have been, or should have been, more kind and considerate in dealing with the defendant because she was losing her property, or more chivalrous toward her because she was a woman, does not affect the merits of the case.    The law does not yet impose penalties for failure to observe any fixed standard of those moral and social virtues.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 1, 1927.