[S. F. No. 2981. Department Two.—September 13, 1902.]

## IDA L. LATIMER, Respondent, v. CAPAY VALLEY LAND COMPANY, Appellant.

VENDOR AND PURCHASER—TENDER OF PURCHASE MONEY—WAIVER OF OBJECTION.—The failure of the vendor to object to a written offer by the purchaser under a contract for the sale of real estate to pay the principal sum of purchase money due, which sum was present, and counted by the vendor's clerk at his request, is a waiver of objection to the offer and tender, and precludes the vendor from afterward objecting that the interest was not included in the tender, or that the tender was too indefinite. The purchaser was not required to produce the money to constitute a valid tender where the vendor did not accept the offer made or comply with his demand for a deed.

ID.—TENDER OF INSUFFICIENT DEED—REFUSAL TO ACCEPT PURCHASER'S OFFER—ADVERSE JUDGMENT AGAINST VENDOR.—The tender by the vendor, as being in full compliance with his contract, of a deed which did not convey a fee-simple title to all of the land, as agreed, must be deemed a refusal to accept the offer of the purchase money, as made. The purchaser was justified in refusing to accept such deed, on the ground that a ten-acre tract of the property purchased was subject to an adverse judgment against the vendor in favor of a third person in an action to quiet title, and that the title thereto was still outstanding, and was not conveyed by the deed.

ID. — BREACH OF CONTRACT — RESCISSION — RECOVERY OF MONEY EX-
PENDED.—The failure and inability of the vendor to comply with
the contract upon demand, by the tender of a sufficient deed of all
the property agreed to be conveyed, was such a breach of the
contract as warranted the purchaser in rescinding it and in bringing
an action to recover from the vendor the moneys laid out and
expended in improvement of the land.

ID.—JUDGMENT AFFECTING TITLE—DATE OF BREACH—PROMPTNESS IN
RESCISSION.—The date of the judgment affecting the vendor's title
cannot be taken to show a lack of promptness of the purchaser in
rescinding the contract of sale. Its entry furnished no ground
of rescission, as the vendor might thereafter procure the outstanding
title and comply with his contract. The right of rescission could
only be exercised after the date of the breach of the contract in
refusing to comply with the demand of the purchaser for a deed.
When the record discloses no lack of promptness in rescinding the
contract thereafter, the vendor cannot complain thereof.

ID.—ASSIGNMENT OF CONTRACT OF SALE—RECOVERY OF MONEY EXPENDED
BY ASSIGNOR.—The assignment of the contract of sale by the
purchaser carries with it all of the right that the assignor had by
reason of its breach by the vendor, including the right to rescind
the contract for such breach and to recover money expended by the
assignor.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial. F. H. Dunne, Judge.

The facts are stated in the opinion.

Platt & Bayne, for Appellant.

Curtis Hillyer, and O. K. McMurray, for Respondent.

GRAY, C.—This action was brought to recover moneys laid
out and expended in improving a certain piece of land, in
pursuance of and as a part of the consideration for a contract
by which appellant had agreed to convey said land in fee
simple to plaintiff's assignor on or before a certain date, for
an agreed price, which contract, it is alleged, appellant was
unable to perform, and failed to perform, on tender to it of
the agreed purchase price, such failure arising from the fact
that it had not the title in fee simple to the entire tract, and
hence could not convey the same to plaintiff. On a trial
before the court without a jury the plaintiff had judgment

for $1,009.91, with interest from November 25, 1895. Defendant appeals from the judgment and from an order denying it a new trial.

1. Appellant's first contention is, that no tender of the purchase price of the land was shown. It seems to be conceded that the evidence in the case shows that there was a judgment in a suit brought to quiet title which affected at least a part of the land in question, and that by said judgment the title to said part of the land was declared to be in some one other than appellant. Knowing of this defect in appellant's title, the evidence shows that respondent, on November 26, 1895, made offer in writing to appellant of the principal sum due for the land under the contract, and demanded a deed in fee simple of the property. At the time of the making of the offer the agent who made it had with him in a sack an amount of money equal to the amount named in the written offer. On this offer being made, the agent of appellant requested his clerk to count the money, and as a performance of the contract on appellant's part tendered to the agent making the offer a deed of the premises, executed by it, but made no tender of any deed conveying the title to that portion of the premises affected by the judgment in the suit to quiet title. No objection was made at the time of the offer on the ground that it was insufficient in amount, or on any other ground, and consequently the objection made on this appeal, that the offer and tender was insufficient in amount, was waived, and must be now disregarded. (Civ. Code, sec. 1501; Code Civ. Proc., sec. 2076; *Kofoed* v. *Gordon,* 122 Cal. 314.) The appellant is also precluded from now objecting—1. That the interest was not included in the tender; and 2. That the tender was too indefinite, because no such objections were made at the time of the tender. This is clearly illustrated in *Kofoed* v. *Gordon, supra.*

It is also clear that the respondent was not required to produce the money or permit it to be counted in order to constitute a valid tender, so long as the appellant did not accept the offer. "The thing to be delivered, if any, need not in any case be actually produced, upon an offer of performance unless the offer is accepted." (Civ. Code, sec. 1496.)

The evidence disclosed no acceptance of the offer upon the part of appellant, but its tender of a deed, as a performance

of the condition of the offer as well as of the condition of the contract, which did not convey a title in fee simple to all the land, and which for that reason did not comply with these conditions, must be taken as a refusal to accept the offer as made. Of course, respondent had a right to attach this condition of a conveyance in fee simple to her offer (Civ. Code, sec. 1498), and appellant was bound to perform or tender performance of this condition. When it tendered its deed the agent of respondent "refused to accept on the ground that the judgment in the case of Goodnow against Parker (the suit to quiet title) was still outstanding, and no title to the ten-acre tract was conveyed by the deed." This objection to appellant's tender of the deed being well taken and properly stated under the statutes already cited, such tender went for nought, and the facts, taken altogether, show that appellant was neither ready nor willing to perform the conditions of the contract incumbent upon it to perform, and that, in effect, it refused to perform those conditions, and was thereby guilty of such a breach of its contract as would warrant respondent in bringing this action. It plainly appears from the evidence that appellant gave respondent's agent clearly to understand that it intended to offer the deed which it tendered as a full performance of its contract, and did not propose to procure or make any further or different conveyance of that part of the property involved in the suit to quiet title.

2. Appellant contends that because the judgment affecting the title to the land was entered July 25, 1892, and no attempt was made to rescind until November 26, 1895, a lack of promptness in rescinding is disclosed which ought to defeat the case. The entry of said judgment furnished no ground of rescission, nor did it furnish any ground for treating the contract as broken or abandoned; for, notwithstanding the judgment, appellant might have procured the title evidenced by it and afterwards conveyed said title to respondent. (*Shiveley* v. *Semi-Tropic etc. Co.*, 99 Cal. 259.) There was no ground of rescission and no ground for treating the contract as broken or rescinded until appellant had failed and refused, on proper tender and demand made, to comply with his contract. How soon after such failure and refusal this suit was instituted the record fails to disclose. On the case made by the record

before us we see no room for appellant to complain of any lack of promptness in rescinding or of any laches in any respect.

3. The contract of sale was assigned to respondent by the original vendee, by an indorsement thereon duly signed by said vendee, which indorsement was in words and figures following: "James D. Latimer, the within-named purchaser, for and in consideration of love and affection, and also $10 to him in hand paid, do hereby sell, assign, and transfer all his right, title, interest, and claim in and to the within-described lot, block, or parcel of land, and the within contract No. 162, unto Ida L. Latimer, his wife, her heirs and assigns forever, subject to the stipulations and conditions therein contained, which are to be performed by said assignee." Two weeks after the making of this assignment appellant was given notice thereof by letter, and thereafter consented thereto, and, after giving her written notice that an installment of interest was due under the terms of the contract, received said interest from respondent. From the evidence it seems that of the money sought to be recovered in this action only about $420 was expended on the land by respondent after the assignment; the balance was expended thereon by the said assignor before the assignment. It is now contended that respondent should not be permitted to recover anything on account of the money expended by her assignor, but that her recovery should be confined to the amount of money expended by herself. This contention cannot be upheld. The assignment by its terms is broad enough to carry with it all the rights that the assignor might have under the contract by reason of its breach by appellant. One of these rights was to rescind the contract and bring an action for the recovery of the money expended under it, on failure of the consideration therefor, in whole or in part, through the fault of appellant. (Civ. Code, sec. 1689; 2 Sutherland on Damages, sec. 589; *Gibert* v. *Peteler*, 38 N. Y. 165; [1] *McIndoe* v. *Mormon*, 26 Wis. 592.[2]) This right to rescind and recover for the money expended for the improvements passed to respondent as one of the incidental rights under the contract. The assignor having parted with his interest in the land as well as in the contract, of course there was no right left in him to recover the costs of any improvements

---

[1] 97 Am. Dec. 785.          [2] 7 Am. Rep. 96.

placed on the land on a breach of the contract by appellant. If, then, this right was not left in the assignor, what had become of it? The most satisfactory answer to this question is, that it followed the contract; the assignee stands in the shoes of the assignor, and whatever right of recovery was in the assignor on a rescission of the contract passed with the contract to the assignee. We think this principle finds illustration in the well-considered case of *Oneida Bank* v. *Ontario Bank,* 21 N. Y. 490, wherein it is said: "He who sells a security and receives his pay for it necessarily sells whatever claim or right the security is understood by the parties to represent."

We advise that the judgment and order appealed from be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., McFarland, J., Temple, J.