38

William T. Buchli, Appellee, v. H. Wallace Caldwell, Trading as H. Wallace Caldwell & Company et al., Defendants.

Appeal of H. Wallace Caldwell, Trading as H. Wallace Caldwell & Company and First Union Trust & Savings Bank, Appellants.

Gen. No. 35,392.

Opinion filed June 15, 1932.

HARRY A. BIOSSAT, for appellants.

DAVID G. ROBERTSON, for appellee.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

The complainant filed his bill of complaint wherein it is charged that the complainant entered into a written contract for the purchase of certain lots therein described with the defendant H. Wallace Caldwell, doing business as H. Wallace Caldwell & Company; that the Chicago Title and Trust Company is named in said contract as the trustee holding the title to the real estate described in said contract. The contract further provides that if the complainant shall make the payments and perform the conditions specified in the contract the vendor therein will convey or cause to be conveyed to the complainant said premises in fee simple, clear of all incumbrances except as noted in said contract. The complainant agreed to pay to the vendor at the Union Trust Company, 7 South Dearborn street, Chicago, the sum of $1,530, in the manner following:

$382.50 in cash upon the execution of the contract, and the balance of $1,147.50, payable in monthly in-

stalments of $30.60 or more each month, on or before March 26, 1926, commencing March 26, 1926, until the 26th day of February, 1929, together with interest at six per cent per annum; and,

To pay all general taxes except taxes levied for the year 1925, and all special taxes, special assessments and all water taxes levied against said property.

The vendor agreed to furnish a guaranty policy of the Chicago Title and Trust Company, showing title to said premises to be clear of all liens except as noted in the contract.

The complainant, having made all the payments contemplated by the contract, requested a deed from Caldwell, and as the defendants failed and neglected to deliver a good and sufficient deed and guaranty policy by the Chicago Title and Trust Company, the complainant prays for a rescission of the contract and for the return of all moneys paid to the defendants.

To this bill the defendants filed a demurrer, which demurrer was overruled by the court. Thereupon the defendants filed an answer and the case being at issue, the court ordered the same referred to a master in chancery. Testimony was taken, and the master made his report recommending that the relief prayed for by the complainant be granted, to which objections were filed and overruled by the master, which objections by order of court were to stand as exceptions to the master's report. The exceptions, after a hearing, were overruled by the court and a decree was entered granting the relief prayed for in the bill of complaint. In effect the contract dated February 26, 1926, was to be surrendered canceled, rescinded and set aside, and the complainant was to receive from the defendants the amount found to be due by the master, amounting to the sum of $2,890.58, together with interest at the rate of five per cent per annum from May 18, 1930, to the date of the decree.

The defendants contend that the court erred in entering said decree upon the following grounds:

(a) That the complainant had a complete and adequate remedy at law.

(b) That the pendency of the suit of one Claus Peterson against these defendants wherein Claus Peterson claims an interest in the premises described in the bill of complaint did not constitute a lien or incumbrance against the property.

(c) That the complainant waived the strict compliance with the terms of the contract, and is in no position to demand a return of the purchase price paid by him under the terms of the contract.

As to point (a) that the complainant has a complete and adequate remedy at law, the defendants contend that upon the complainant filing suit for breach of contract for failure to deliver the deeds and policies, his measure of damages would be the sums he paid under the terms of the contract, and for the recovery of money only, and that he would have a complete and adequate remedy at law. Upon this question, we find in the record that the defendants filed a general demurrer, which was overruled, and so far as we can determine, the question of an adequate remedy at law was not raised, nor was it saved in the answer of the defendants filed thereafter. The only expression that questions the adequacy of the bill is that the complainant is not entitled to any relief in a court of equity "by reason of any fact set forth in the bill of complaint." This expression is to the effect that the facts in the bill are not sufficient to warrant relief. The trial court in passing upon the demurrer held that the bill was sufficient in a court of equity to warrant relief, and overruled the demurrer. The Supreme Court in the case of *Kaufman v. Wiener,* 169 Ill. 596, covers the question before us in these words:

"The question first demanding our attention is whether the general denial of the allegations of the bill, one of which is that the defendants were insolvent, is sufficient to raise the question of the want of jurisdiction, on account of the complainant having an ade-

quate remedy at law. We think it is not sufficient; but if the appellees desired to insist the cause should not be heard upon its merits and that the complainant should be remitted to a court of law, it was necessary such defense should be affirmatively set out and relied on in the answer. In *Stout v. Cook,* 41 Ill. 447, it is said 'such a defense should be insisted upon in the answer.' In *Ryan v. Duncan,* 88 Ill. 144, it is said the objection that there is a perfect remedy at law should be taken 'by insisting on it as a ground of defense in the answer.' In *Monson v. Bragdon,* 159 Ill. 61, the expression of the court is, that the objection there is a complete remedy at law should be interposed either by demurrer or setting out the facts in defense in the answer to the bill. The general rule is: 'By putting in an answer not insisting upon the fact that the complainant has an adequate remedy at law, he submits himself to the jurisdiction of the court in the case made by the pleading, unless the court is wholly incompetent to grant the relief sought by the bill.' "

In the instant case after the master in chancery had heard witnesses and made his report, then for the first time the defendants objected on the ground that the complainant had an adequate remedy at law. However, this ground was waived by the failure of the defendants to allege it and insist upon it in the answer, and by proceeding to a hearing of the case without objection upon that ground. *Kaufman v. Wiener, supra.*

Under the second objection (b) the defendants contend that the pendency of the suit of Claus Peterson did not constitute a lien or incumbrance against the property; that the mere existence of a suit by Claus Peterson against the Chicago Title & Trust Co. was not such a lien or incumbrance as might justify the purchaser in refusing to perform; that during the pendency of the hearing before the master, in the instant case, the defendants tendered to the complain-

ant a deed and guaranty policy, in which it is claimed the pendency of the Peterson suit did not appear, but this tender was refused by the complainant. However, it appears that the complainant paid all that was required of him by the contract, and thereafter received a deed and guaranty policy from the Chicago Title & Trust Company, subject however to the Peterson suit then pending and in which he, Peterson, claimed some interest in the lots described in the contract in question. This deed and policy were returned on August 10, 1929, by the complainant to the H. Wallace Caldwell Company's office, for which a receipt was taken from one John Robertson, an agent and bookkeeper of the defendant H. Wallace Caldwell, and the complainant demanded that he be given a guaranty policy and deed conveying clear title to the lots in question. Robertson informed the complainant that the case of *Peterson v. Chicago Title and Trust Co.*, No. 443846 would be soon terminated and complainant's title made clear, and that other deeds and policies would be given to him. Thereafter the complainant called from time to time to ascertain when the deeds and policies would be delivered and received by him, but each time was put off. He waited until February 6, 1930, a period of several months, and on that date caused a letter to be addressed to the defendants calling attention to the default in making delivery of the deeds and policies to him, and his desire to rescind and make a demand for the return of the moneys paid by him under the terms of the contract. On February 10, 1930, the complainant filed a bill of complaint.

The general rule is that the complainant is not required to receive a defective title, or one that is clouded with adverse liens. His contract justified the complainant's insistence upon receiving a clear title to the lots. He paid his money and was entitled to a clear and unincumbered title to the lots described in

the contract. His title was not made subject to the outcome or disposition of the Peterson claim, or to a blanket special assessment for water mains for $5,263.86 and blanket special assessment for a sewer for $22,905, and his refusal to accept the deeds to the lots so incumbered was fully justified. In default of receiving a good title from the defendants within a reasonable time, complainant had a right to rescind, and to institute legal proceedings to recover payments made under the contract. *Harding v. Olson,* 177 Ill. 298.

And the defendants under objection (c) contend that the complainant waived strict compliance with the terms of the contract, and was not in a position to proceed with his bill so long as the defendants were proceeding with their defense of the Peterson case in good faith and did, within a reasonable time, clear the title for the complainant. The complainant complied in all respects with the terms of the contract and made payments up to May 15, 1930, amounting to $2,890.58. Thereupon he was entitled to receive the delivery of a sufficient guaranty policy and a deed to the lots described in the contract, clear of all incumbrances except as otherwise provided in the contract.

The guaranty policy of the Chicago Title & Trust Company tendered to said complainant noted the objection appearing upon the face of said policy as follows:.

"Right, title and interest of Claus Peterson is disclosed by proceedings pending in the Superior Court of Cook County, Illinois, as case No. 443846 on bill filed August 4, 1926, by Claus Peterson against Chicago Title and Trust Company as Trustee and others for partition of the East Half of Southwest Quarter of Section 28 (except East 50 acres)," which policy and deed were returned to the complainant by the said defendants on August 10, 1929. The said Peterson suit subjects the title to this litigation and is a burden

not provided for by the contract in question. The complainant at the request of the defendants waited a reasonable time for the delivery to him of a deed and guaranty policy, and was justified in giving a notice of rescission of said contract; and a demand for a return of the full amount paid was made by the complainant.

The defendants made a tender of a warranty deed and guaranty policy issued by the Chicago Title & Trust Company, in which it is claimed by the defendant, no reference was made to the Peterson suit. This tender was made too late when it was presented for the first time upon a hearing of evidence before the master, and the court properly found that the complainant had a right to rescind and terminate said agreement and demand a return of the money paid by him when he instituted suit for such purpose.

Lastly, the defendants make the objection that the decree is erroneous as to the First Union Trust & Savings Bank, in that the court entered a decree for the recovery of the amount therein mentioned against the bank and H. Wallace Caldwell & Co., and it appears in the record that said bank was not a party to the contract; was not liable under its terms, and that the bank received certain moneys only as the agent for the defendant H. Wallace Caldwell & Co. From the record, this defendant made no objection upon that ground, but permitted the case to proceed to a final determination and allowed the decree to be entered without objection. Therefore, it cannot raise this question for the first time on appeal.

We have considered the questions raised by the defendants and find no reversible error. For the reasons herein expressed the decree is affirmed.

*Decree affirmed.*

FRIEND and WILSON, JJ., concur.