[Civ. No. 19463.   Second Dist., Div. Three.   June 2, 1953.]

EUGENE V. UTEMARK et al., Appellants, v. SYLVAN
SAMUEL et al., Respondents.

William J. Clark for Appellants.

Albert A. Albeck for Respondents.

SHINN, P. J.—In this action plaintiffs had judgment for the rescission of a contract to purchase unimproved land for $10,000. The reason for the rescission was that while plaintiffs performed and offered to perform their agreement, the defendants refused to perform and to give a deed upon tender of the purchase price.

The date of the agreement was September 14, 1946, and the date of the judgment, January 24, 1952. During this interval plaintiffs were in possession and made valuable improvements, consisting of the construction of a shop for a welding business, and the installation of a small office building.

The court rendered an interlocutory decree May 17, 1950, by which rescission was decreed and a referee was appointed to take evidence and report upon: (1) The reasonable value of the usage of the land while plaintiffs were in possession; (2) the present market value of the land and buildings; (3) the value of the building apart from the land; (4) the cost to plaintiffs of construction of the building; (5) the value of the buildings removed from the land and the feasibility and cost of removal; (6) knowledge of defendants at the time of the sale as to the uses plaintiffs intended to make of the property. The referee reported: (1) That the reasonable value of the use of the land, unimproved, was $50 per month; (2) the reasonable value of the use of the land after it was improved by plaintiffs was $286 per month; (3) the present market value of the land with the buildings was $11,650; the value of the office building was $250; (4) there were no other improvements which would enhance the value of the land; (5) the value of the office building removed from the land was $250; (6) the fair market value of the shop building was $6,400; (7) he could not determine whether it would be feasible to remove the shop building.

The court found: (1) $10,000 was a fair price for the land at the time of the purchase; (2) plaintiffs had complied, and offered to comply, with the agreement; (3) defendants failed and refused to convey the land; (4) plaintiffs gave due notice of rescission and offered to make restoration; (5) plaintiffs had paid $6,419.30 on the contract price, $508.42 as taxes,

and a real estate commission of $500; (6) cost of the improvements placed on the land by plaintiffs was $12,154.41 (these items total $19,582.13); (7) the value of the shop building was $6,400, and of the office building, $250; (8) present value of the land and improvements was $11,650; (9) the rental value of the land from September 14, 1946, to July 14, 1947, was $50 per month, or $500; the rental value of the land and shop building from July 14, 1947, to December 1, 1947, was $1810 ($810); for the land and shop from January 1, 1948, to December 31, 1948, $2,600, and from January 1, 1949, to August 30, 1951, $135 a month, or $4,320. According to these figures the total rental value was $8,230. The court then added $6,419.30, the amount paid on the contract, $508.42 taxes paid, $500 commission paid, $6,400 the present value of the shop building, and $250 the value of the office building, making a total of $14,077.72. From this sum was deducted $8,230 as the value of the use of the land and buildings, leaving a balance of $5,847.73, the amount for which plaintiffs were given judgment, which was declared to be a lien on the land.

Plaintiffs were ordered to pay $500 as half of the fee fixed for the referee, and defendants were ordered to pay the other half. The amount of the fee was declared to be a lien on the land.

Plaintiffs appeal on a clerk's transcript. Their principal contentions are that the court erred in not restoring them to their original position by giving them judgment for the sums they had expended under the agreement, including the reasonable cost of their improvements which became attached to the land, and that it was error to require them to pay a part of the fee of the referee.

We shall discuss first the use by the court of the market value of the improvements at the time of trial as a basis for reimbursement of plaintiffs for their expenditures upon the land. As already noted, the cost of the improvements was found to be $12,154.41, and their present value of $6,650. By the judgment plaintiffs were compelled to lose the difference of $5,504.41.

The statutory law on the subject is section 3408 of the Civil Code: "On adjudging the rescission of a contract, the court may require the party to whom such relief is granted to make any compensation to the other which justice may require." We think it is safe to say that the invariable rule is that one who has rescinded his contract to purchase

land is entitled to receive as a part of his detriment caused by the seller's breach the cost of permanent improvements which he has placed upon the land in good faith. Mr. Williston says (Rev. ed. vol. 5, p. 4136) : "So where a vendor wrongfully refuses a conveyance to a purchaser in possession, the latter may recover what he has paid the vendor and also what he has expended in improvements on the land and not merely the increased value of the land by virtue of the improvement. That is, the law should impose on the wrongdoing defendant a duty to restore the plaintiff's former status, not merely to surrender any enrichment or benefit that he may unjustly hold or have received; though if the market value or, in the absence of a market value, the benefit to the defendant of what has been furnished exceeds the cost or value to the plaintiff, there is no reason why recovery of this excess should not be allowed." (Citing *Latimer* v. *Capay Valley Land Co.*, 137 Cal. 286 [70 P. 82] ; *Fletcher* v. *Fletcher*, 158 Ga. 899 [124 S.E. 722] ; *Carroll* v. *Mundy & Scott*, 185 Iowa 527 [170 N.W. 790, 4 A.L.R. 811] ; *Kunde* v. *O'Brian*, 214 Iowa 921 [243 N.W. 594] ; *McClure* v. *Lewis*, 72 Mo. 314; *Gibert* v. *Peteler*, 38 N.Y. 165 [97 Am.Dec. 785] ; *Bottemiller* v. *Ball*, 130 Ore. 255 [279 P. 542, 69 A.L.R. 951] ; *Larson* v. *Thomas*, 51 S.D. 564 [215 N.W. 927, 57 A.L.R. 1246] ; *McIndoe* v. *Morman*, 26 Wis. 588, 592 [7 Am.Rep. 96] ; *Fischer* v. *Kennedy*, 106 Conn. 484 [138 A. 503] ; *Bradley Heating Co.* v. *Thomas M. Sayman etc. Co.* (Mo.), 201 S.W. 864, 868.) Many other cases have applied this rule. California cases which applied it are *Latimer* v. *Capay Valley Land Co.*, 137 Cal. 286 [70 P. 82], and *Montgomery* v. *Meyerstein*, 186 Cal. 459 [199 P. 800].

Defendants have not brought to our attention any case in which the court required the defaulting seller, upon rescission, to pay only the amount by which the improvements enhanced the value of the property, regardless of the reasonable cost expended by the buyer thereon. Defendants merely argue that the court had power to adjust the equities between the parties, but this does not satisfy. ■ The authority expressed in section 3408 of the Civil Code is one that must be exercised in accordance with settled principles of law and equity. In the absence of evidence, and of any finding of bad faith on the part of plaintiffs, or improvidence or recklessness in making the expenditures or improvements, it was error not to allow plaintiffs judgment for the amount found to have been expended by them, since it must be presumed that they acted in good faith. There was no finding that the

building was not suitable for uses which were permitted under zoning regulations which affected the property, all of which were specified in the findings.

It appears to have been the purpose of the court to place the *defendants* in *status quo* regardless of any loss *plaintiffs* might suffer, but it was the plaintiffs, not the defendants, who were entitled to be restored to their former position. This is the purpose of rescission. Equity is solicitous that the innocent party who rescinds be not made to suffer. It exercises no such solicitude for the wrongdoer who has brought about a situation in which one or the other must lose. When defendants elected not to convey the property they necessarily elected to take the consequences, which meant restoration of plaintiffs to the position they were in at the time they entered into the agreement.

Insofar as the fees of the referee are concerned, we must say initially that the record does not disclose any good reason for a reference of the issues. It appears to have been made for the benefit of defendants. Plaintiffs were interested only in the amount of money which they had expended, which would seem to have been. a simple matter for the court to determine. All the other questions submitted to the referee pertain to the rental value, the present value of the land with the improvements, and the improvements separated from the land, and the determination of these questions had relation only to the defendants' theory, adopted by the court, that the defendants should not be required to pay on account of the improvements any more than their market value at the time of trial. The parties were entitled to the time of the court without extra expense, in the absence of reasonable necessity for a reference. So far as the findings go, if there was necessity, it appears to have been caused by the defendants. The matter of the referee's fees should be re-examined and the charge reapportioned. If plaintiffs were prepared to prove the cost of their improvements expeditiously, and without wasting the time of the court, they should have been permitted to do so without a reference. If they were not so prepared, or if they agreed to the reference, they should be charged with a share of the reasonable expense of the reference proportionate to the time consumed before the referee in hearing their evidence. Where the parties have not agreed upon a different rate of compensation, the fees of a referee are $5.00 per day. (Code Civ. Proc., § 1023.) We may add that there is nothing in the findings to explain

or justify a fee of $1,000 for the services of the referee. Neither can we understand how the land, found to be worth $10,000, plus the improvements worth $6,650, could be found to have a present value of only $11,650, although these were all immaterial findings.

Defendants were entitled to offset the reasonable rental value of the unimproved land against any sums due from them. They were not entitled to receive as a credit the value of the use of the improvements installed by plaintiffs.

Also, the rental from January 1 to December 31, 1948, of $2,600, or $216.66 per month, was based upon a finding that plaintiffs earned in their business in that year $26,000, and that 10 per cent of it was a reasonable rental. This was not a proper criterion of rental value.

In their closing brief plaintiffs, for the first time, make the claim that they should have been allowed interest on the money they had paid out on the contract, for taxes and a broker's commission. No reason being shown for not raising the point in the opening brief, it does not deserve consideration. (*Graner* v. *Hogsett*, 84 Cal.App.2d 657 [191 P.2d 497].) We may say, however, that interest should have been allowed (*Kane* v. *Ott*, 73 Cal.App. 124, 128 [238 P. 126]), and that it is one of the matters to be considered by the trial court in balancing the equities. A considerable discretion rests with that court in determining "what justice may require," in the way of compensation due from plaintiffs upon rescission of their purchase. But when plaintiffs are given interest on their money, there will yet be other matters to consider. One question would be whether the amount to be paid by defendants as the cost of the improvements should be reduced by the amount of normal depreciation of the buildings. Plaintiffs have had the use of them, and if defendants are to be charged with the original cost it would not be inequitable to reduce the cost figure by the amount of normal depreciation or deterioration due to use. Such matters are within the discretion of the trial court. We therefore confine our opinion to the questions of law which we have discussed. We may add, however, that the record discloses no reason for not allowing plaintiffs their costs of suit.

The judgment is affirmed insofar as it decrees a rescission of the agreement of purchase and denies relief to defendants on their cross-complaint; in all other respects it is reversed for further proceedings.

Wood (Parker), J., and Vallée, J., concurred.