HUNTLEY E. WILLIAMS, Plaintiff-Appellant, *v.* ARTHUR DUNAS, Defendant-Appellee.

First District (3rd Division) No. 61877

Opinion filed July 1, 1976.

Frederic I. Chaimson and Peter C. Alexander, both of Welfeld & Chaimson, of Chicago, for appellant.

No brief filed for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

On September 20, 1967, plaintiff buyer and defendant seller entered into an agreement for the sale of a certain parcel of real estate located at

3533 South Calumet Avenue in Chicago, Illinois. The contract provided, in pertinent part, that the total purchase price of the subject property was to be $7,200; that this purchase price was payable in monthly installments of $100 at an annual interest rate of 6%; that when the balance of the purchase price was reduced to $3,600, seller was to deliver to buyer a warranty deed and Torrens Certificate; and that the buyer was to pay the taxes for 1968 and subsequent years. Several years after the above agreement was initiated, the property was sold at a tax sale and a tax deed was issued. Plaintiff brings this action to recover amounts paid to the seller under the agreement. After hearing all of the evidence the trial court entered an order stating that it found the issues in favor of the plaintiff and awarded plaintiff $200 in damages.

Plaintiff now appeals and contends, in part, that the trial court's award of $200 in damages was insufficient to properly compensate the plaintiff for his loss.

We reverse and remand.

Although the testimony at trial is somewhat confusing, we find that the record clearly indicates the following: that it was the seller's responsibility to pay the 1967 taxes; that the 1967 taxes were never paid; and that as a result of the failure to pay the 1967 taxes, the property was sold at a tax sale and a tax deed issued. As much is indicated by the testimony of the seller, Arthur Dunas, who testified that in 1971 or 1972 he received notice that the 1967 taxes were not paid and in 1972 advised the buyer of this fact. Dunas further stated that it was through inadvertence that the 1967 taxes were not paid but went on to state that he gave the buyer a $200 credit toward the purchase price so that the buyer would pay the 1967 taxes. Dunas admitted that he never paid the 1967 taxes and that it was due to the failure to pay the 1967 taxes that the property was sold at a tax sale and a tax deed issued. Defendant further stated that he was never able to convey good title to the buyer.

The buyer, Huntley E. Williams, testified that he paid the taxes for the years 1968 through 1971 inclusive; that in January of 1972 he stopped collecting rents after being informed that somebody else owned the building; that the seller never told him the 1967 taxes were not paid; and that he never received a warranty deed or Torrens Certificate from the seller.

The buyer's wife, Mrs. Hazel Williams, stated that the seller never gave her or her husband any money to use to pay the 1967 taxes and that instead her husband gave the seller $200 which the seller was to use to pay the 1967 taxes. Mrs. Williams further stated that in January of 1972, she received notice that the 1967 taxes were not paid and it was at that time a new owner took over the property and they stopped collecting rents thereon.

We first note that defendant appellee has filed no brief in this cause. Plaintiff appellant moved in this court to have the judgment of the trial court reversed *pro forma*. We denied this motion, basing our decision on the recent Illinois Supreme Court decision in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493. In that case this court reversed, *pro forma*, a trial court's judgment due to the appellee's failure to file a brief. In reversing this court, the Supreme Court stated:

> " [T]he judgment of a trial court should not be reversed *pro forma* for the appellee's failure to file its brief as required by rule. A considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal." (63 Ill. 2d 128, 131, 345 N.E.2d 493, 494.)

Consequently, we will proceed to consider this case on its merits.

■■ Plaintiff contends that he is entitled to recover the amount of money paid toward the purchase price of the real estate since the defendant was unable to convey good title and that the $200 in damages awarded him by the trial court is insufficient to cover this amount. Plaintiff states that he paid $4,490 towards the purchase price of the property and is entitled to recover that amount of money from the defendant because defendant was unable to convey good title. It is clear from defendant's testimony at trial that defendant was supposed to pay the 1967 taxes, that the property was sold at a tax sale due to defendant's failure to pay these taxes, and that consequently, defendant through his own fault was unable to convey good title. Under such circumstances the buyer has a right to rescind the contract and to recover payments made under the contract. *Buchli v. Caldwell* (1932), 267 Ill. App. 38.

■■ The important question which the buyer raises in this appeal is the amount of damages to which he is entitled. If a purchaser rescinds a contract he must restore what he has received under the contract and the parties to the contract must be restored to the position they were in at the time of the execution of the contract. *(Gehr v. Hagerman* (1861), 26 Ill. 438; *Utemark v. Samuel* (1953), 118 Cal. App. 2d 313, 257 P.2d 656.) Generally, the purchaser is entitled to a restoration of the purchase money and to interest thereon to the time of payment. *(Brooks v. Jensen* (1954), 75 Idaho 201, 270 P.2d 425.) Purchaser would generally be further entitled to any taxes that he paid on the land and interest from the time of such payment. *(Brooks v. Jensen; Lancoure v. Dupre* (1893), 53 Minn. 301, 55 N.W. 129.) However, the purchaser upon his rescission of the contract must also put the seller in the position he was in at the time of the execution of the contract. Thus, the purchaser would be chargeable with the reasonable rental value of the land during the time he held possession plus interest thereon. *Tilbury v. Osmundson* (1960), 143 Colo. 12, 352 P.2d

102; *Kunde v. O'Brian* (1932), 214 Iowa 921, 243 N.W. 594; *Leavitt v. Blohm* (1960), 11 Utah 2d 220, 357 P.2d 190.

■■ The record in the instant case is devoid of any evidence of the reasonable rental value of the subject property or the specific amount that the buyer received in renting the subject property. It is further unclear exactly how much the buyer paid toward the purchase price of the subject property or how much he paid in taxes. Therefore, we remand the instant case for a proper assessment of damages in accord with the views expressed in this opinion.

Judgment reversed; cause remanded.

MEJDA, P. J., and DEMPSEY, J., concur.