

**FILED**

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUL 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLAGSHIP WEST LLC, a California limited liability company; et al., <br><br>          Plaintiffs - Appellees and <br>          Cross-Appellants, <br><br>   v. <br><br> EXCEL REALTY PARTNERS LP and NEW PLAN EXCEL REALTY TRUST, a Maryland corporation, <br><br>          Defendants - Appellants and <br>          Cross-Appellees. | No. 11-17528, 11-17674 <br><br> D.C. Nos. 1:02 cv-5200-LJO <br><br><br> MEMORANDUM[*] |

Appeals from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted June 13, 2013
San Francisco, California

Before:    TASHIMA and BYBEE, Circuit Judges, and WOOD, District Judge.[**]

This is the second time that this case has come before this Court on appeal.

In the previous appeal, this Court remanded for the district court to determine

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

whether or not the commercial lease between the parties (the "Lease") barred rescission. *Flagship W., LLC v. Excel Realtly Partners LP*, 337 F. App'x 679 (9th Cir. 2009). The district court held that it did not and, after a trial, entered judgment for Plaintiff Flagship West LLC ("Plaintiff"). Defendants Excel Realty Partners LP and New Plan Excel Realty Trust ("Defendants") appeal from the district court's determination that the Lease does not bar rescission, and from the amount of the judgment. Plaintiff cross-appeals from the amount of the judgment. The district court exercised diversity jurisdiction pursuant to 28 U.S.C. § 1332 in this case governed by California law. We have jurisdiction under 28 U.S.C. § 1291. Because the facts are known to the parties, we do not recite them here, except as necessary to explain our decision. We affirm in part, reverse in part, and remand.

## I.    Defendants' Appeal

**1.**    Defendants contend that the district court erred in its determination that the Lease as a whole did not bar rescission. We review the district court's interpretation of the Lease de novo. *Conrad v. Ace Prop. & Cas. Ins. Co.*, 532 F.3d 1000, 1004 (9th Cir. 2008). Under California law, any waiver of contract remedies must be clear and unambiguous. *See Fosson v. Palace (Waterland), Ltd.*, 78 F.3d 1448, 1455 (9th Cir. 1996) (construing California law). Plaintiff had the right unilaterally to rescind the Lease in this case under California law, due to a

failure of consideration, *see* Cal. Civ. Code § 1689(b)(2); *see also Medico-Dental Bldg. Co. v. Horton & Converse*, 132 P.2d 457, 470 (Cal. 1942), and none of the language on which Defendants rely constitutes a "clear and unambiguous" waiver of that right. *See Fosson*, 78 F.3d at 1455. The district court did not err in holding that the Lease does not bar rescission.

2. Defendants contend that the district court violated its Seventh Amendment right to a jury trial when it awarded "consequential damages" in rescission under California Civil Code § 1692, because that part of the award constituted legal, rather than equitable, relief. Rescission in California fuses aspects of common law legal and equitable actions. *See Runyan v. Pac. Air Indus.*, 466 P.2d 682, 688-89 (Cal. 1970). We must, therefore, consider the "nature" of the relief at issue. *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564-65 (1990). The name given the relief is not determinative, *see id.* at 571-72; nor is the fact that money was awarded, *see id.* at 570-71. We note that the relief awarded under § 1692 went beyond that which would have been available in a common law rescission; "consequential damages, given in conjunction with restitution," would have been available only "in actions in equity." *See Runyan*, 466 P.2d at 690. These "consequential damages" were intertwined with the restitutionary goal of "put[ting] the rescinding party in the *[s]tatus quo ante*." *Id.*

-3-

at n.15.  We also note the broad discretion afforded the trial court under § 1692 to "adjust the equities between the parties" as "justice may require."  Cal. Civ. Code § 1692.  This broad discretion to "bring about substantial justice," *Runyan*, 466 P.2d at 691, convinces us that the relief at issue in this case was equitable, not legal, s*ee Lutz v. Glendale Union High Sch., Dist. No. 205*, 403 F.3d 1061, 1068 n.7 (9th Cir. 2005).  Accordingly, Defendants had no right to have the amount of rescissory damages tried by a jury under the Seventh Amendment.  *See Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1011-14 (9th Cir. 2010).  Thus, there was no error in this regard.

3.      Defendants argue that the district court erred in awarding Plaintiff's costs in improving the leased premises instead of the fair market value of those improvements.  California law gives a trial court broad discretion to "adjust the equities between the parties" when awarding damages in rescission, Cal. Civ. Code § 1692, and our function on appeal is limited to determining "whether the trial court, presumably responsive to the mandate that the aggrieved party be awarded complete relief, acted reasonably and equitably."  *See Runyan*, 466 P.2d at 692.  Here, the trial court found that it would be more equitable to award costs instead of value, and it was within its discretion to do so.  *See Lobdell v. Miller*, 250 P.2d 357, 367 (Cal. Ct. App. 1952).

**4.**     Defendants next argue that the district court's finding as to the amount of Plaintiff's construction costs was clear error. The district court based this finding on invoices in evidence, and the testimony that Plaintiff had paid all of its bills that were actually due. We conclude that the district court's finding of fact on this issue was not clearly erroneous. *See Simeonoff v. Hiner*, 249 F.3d 883, 893 (9th Cir. 2001).

**5.**     Defendants next contend that the district court erred in its determination of the amount of a rental offset. While it is generally true under California law that rental offsets are appropriate in rescission, *see Runyan*, 466 P.2d at 690, "the amount to be credited to the guilty [non-rescinding party] is not, strictly speaking, rental . . . ; it is only to the extent that the [rescinding party] has profited by the undertaking that he is required in good conscience to restore to the [non-rescinding party]." *Pendell v. Warren*, 281 P. 658, 659 (Cal. Ct. App. 1929) (internal quotation marks omitted). The district court was not required to award an offset in the amount of the rental value of the property as improved. *See Utemark v. Samuel*, 257 P.2d 656, 660 (Cal. Ct. App. 1953). It awarded an amount that it found to be equitable, and we cannot say that decision was unreasonable or inequitable. *See Runyan*, 466 P.2d at 692.

**6.** Finally, Defendants argue that the district court erred in awarding prejudgment interest on that part of the award for interest payments made by Plaintiff to its lender. Awards of prejudgment interest are governed by state law. *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007). In California, "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a). In the instant case, the central issue was the existence of liability, rather than its extent, *see Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 286 Cal. Rptr. 146, 158-59 (Ct. App. 1991), and the district court found the final amount of interest that Plaintiff paid its lender simply by examining Plaintiff's profit and loss statements. As such, the amount was "certain, or capable of being made certain" for purposes of § 3287(a), and the district court properly awarded prejudgment interest on this amount.[1]

## II. Plaintiff's Appeal

---

[1] Defendants argue that even if prejudgment interest was properly awarded, it should run only from the time that Plaintiff amended its complaint to allege rescission against the correct party. But Defendants had notice of rescission from the filing of the original complaint for purposes of California Civil Code § 1691, and the district court did not err in relating the filing of the amended complaint back to the filing of the original complaint pursuant to Federal Rule of Civil Procedure 15(c).

**1.** Plaintiff argues that Defendants were not entitled to any rental offset whatsoever. As discussed in Part I.5, *supra*, the general rule in California is that some offset is appropriate. *See Runyan*, 466 P.2d at 690. Case law establishes that the trial court has broad discretion to craft an equitable award in rescission. *See id.* at 691-92; *see also Utemark*, 257 P.2d at 660. Indeed, the statute itself provides that "the court may require the party to whom [rescission] is granted to make any compensation to the other which justice may require and may otherwise in its judgment adjust the equities between the parties." Cal. Civ. Code § 1692. None of the cases on which Plaintiff relies establishes that the district court abused its discretion by awarding an offset in the instant case. We, therefore, uphold its exercise of discretion in this regard.

**2.** Plaintiff contends that the district court erred in refusing to award prejudgment interest on its costs other than interest payments to its lender (*i.e.*, construction costs, restaurant equipment, permits and fees, opening inventory costs, franchise fee, and costs of training). As discussed in *Part* I.6, *supra*, prejudgment interest should be awarded where damages are "certain, or capable of being made certain by calculation." Cal. Civ. Code § 3287. Indeed, "[p]rejudgment interest must be granted as a matter of right if, as a matter of law, damages are certain" for purposes of the statute. *Levy-Zentner Co. v. S. Pac.*

*Transp. Co.*, 142 Cal. Rptr. 1, 25 (Ct. App. 1977). The district court did not explain why it was unable to find with certainty the amount of damages for those categories for which it denied prejudgment interest, and it appears from the record that these amounts were indeed readily ascertainable from the evidence. *See Coleman Eng'g Co. v. N. Am. Aviation, Inc.*, 420 P.2d 713, 722 (Cal. 1966). The district court erred when it declined to award prejudgment interest for these other categories of damages. *See Levy-Zentner*, 142 Cal. Rptr. at 25.

**3.** Plaintiff argues that the district court erred in refusing to award further relief. It first contends that the district court erred when it refused to award damages for interest that accrued, but was never paid, between the date that Plaintiff first defaulted on its loan and the date of the verdict. As we have noted, California law affords the trial judge discretion in awarding equitable relief in rescission, *see* Cal. Civ. Code § 1692; *see also Runyan*, 466 P.2d at 691-92, but it also provides that "such relief shall not include duplicate or inconsistent items of recovery." Cal. Civ. Code § 1692. Contrary to Plaintiff's assertions, the district court parsed the record evidence carefully and noted that the amount that Plaintiff sought to recover in "accrued unpaid interest" likely encompassed at least some money that it had already awarded as "interest paid." Because a duplicate award

would have run afoul of California law, Cal. Civ. Code § 1692, the district court properly refused to award relief for Plaintiff's accrued but unpaid interest.

Plaintiff also contends that the district court should have awarded more than it did in the category of interest that Plaintiff did pay its lender. This question boils down to an analysis of the evidence in the record. The district court explained why it interpreted the evidence and found the facts as it did, and we conclude that there was no clear error in its determination of the amount of paid interest to which Plaintiff was entitled. *See Simeonoff*, 249 F.3d at 893.

Finally, Plaintiff argues that it was entitled to recover additional damages for "out-of-pocket expenses." The district court found that it would be inequitable to award these damages in rescission, because they were not caused by Defendants but were rather a normal part of running a restaurant. The district court was within its discretion to adjust the equities in this way, *see Runyan*, 466 P.2d at 692, and we will not disturb its decision.

## CONCLUSION

For the foregoing reasons:

In **No. 11-17528**, the rulings of the district court are **AFFIRMED.**

In **No. 11-17674**, the rulings of the district court are **AFFIRMED**, except for its failure to award prejudgment interest to Plaintiff on its construction costs,

restaurant equipment, permits and fees, opening inventory costs, franchise fee, and costs of training. As to that matter, the judgment of the district court is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this disposition.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED and REMANDED in part.**