Filed 7/31/23  Cohen v. Smith CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ANDREW COHEN et al., | D080298 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2015-00024876-CU-BC-NC) |
| RICHARD CAMERON SMITH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Cynthia A. Freeland, Judge.  Reversed with directions.

Richard Cameron Smith, in pro. per., for Defendant and Appellant.

Bunt & Shaver and David N. Shaver for Plaintiffs and Respondents.

Richard Cameron Smith, self-represented, appeals from a postjudgment order awarding Andrew Cohen $116,468.84 in prejudgment interest.  His opening and reply briefs contain no citations to the record.  Nor do they cite to any legal authority.  He states, "I know [briefs] usually quote court cases as precedent.  I'm not an attorney and can't afford one so I won't attempt to do that."

We recognize the significant challenges self-represented litigants face, as well as the high cost of legal services in a civil case. Nonlawyers who represent themselves are usually at a considerable disadvantage, as would be anyone attempting to perform a complex task without adequate training, education, and experience. However, "[a] doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.) Thus, a self-represented litigant " 'must expect and receive the same treatment as if represented by an attorney—no different, no better, no worse.' " (*Nuño v. California State University, Bakersfield* (2020) 47 Cal.App.5th 799, 811.)

The most basic rule of appellate review is that the Court of Appeal starts a case with the presumption that the trial court's order is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To prevail, an appellant must demonstrate prejudicial error by making arguments supported by authority (such as cases and statutes). Smith's admitted failure to engage in this process operates to forfeit each point he raises. (See *Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 787.) His candid recognition quoted above is an explanation but not an excuse.[1]

But even when parties are represented by attorneys, and perhaps especially when they are not, we have discretion to identify, request

_____

[1]     The website for the Court of Appeal, Fourth Appellate District, Division One contains a "Self Help Resource Center." (<Https://www.courts.ca.gov/8676.htm> [as of July 31, 2023], archived at <https://perma.cc/D9MM-R6K7>.) Among many other excellent resources, it links to "The California Court of Appeal - Step by Step," which in plain language explains the civil appellate process, including a chapter entitled, "Briefing the Case." There is even a sample brief provided in the appendix.

supplemental briefing on, and correct legal error where the relevant facts are undisputed and could not be altered by the presentation of additional evidence in the trial court. (See *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 599.) Here, citing Civil Code section 3289, subdivision (b),[2] the trial court awarded prejudgment interest at the rate of 10 percent per annum. But as a matter of law, that rate applies only "after a breach" of contract. As we will explain, it has already been conclusively determined in this case that there was no enforceable contract between the parties. Smith's underlying liability is for *restitution* following cancellation of an instrument, not breach of contract. As Cohen now concedes, the applicable rate of prejudgment interest is therefore seven, not 10 percent. (Cal. Const., art. 15, § 1.) We reverse and remand with directions to recompute the award.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

Smith is a business consultant and R. Theodore Nussdorf, now deceased, was his longtime friend and client. In 2008, they invested in real estate together. Smith took title for perceived tax advantages, and he established a business entity, Pacific West Capital LLC (Pacific West), of which he was the sole member, to hold Nussdorf's money until they purchased the property.

---

[2]     Undesignated statutory references are to the Civil Code.

[3]     An opening brief must "[p]rovide a summary of the significant facts limited to matters in the record" and each must be supported "by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rules 8.204(a)(2)(C), 8.204(a)(1)(C).) Because Smith's brief violates these rules, the factual and procedural background is taken from our unpublished opinion, *Cohen v. Smith* (Dec. 18, 2019, D073787) (*Cohen I.*)

They structured the transaction as a loan from Nussdorf to Pacific West. In 2008, Nussdorf caused $200,000 to be transferred to Pacific West under a promissory note that Smith drafted. He signed the note as "member" of Pacific West, which promised to repay the principal amount plus interest at a variable rate. (*Cohen I, supra,* D073787.)

Smith used the entire $200,000 to purchase and renovate a single family home in Oceanside. He and his wife took title in their own names. During the economic recession of 2008, the property's value plummeted. Although in October 2014 Nussdorf demanded full restitution, Smith made only a single $3,189.23 interest payment.

Nussdorf filed a complaint against Pacific West and Smith (as its alter ego), alleging a claim for rescission.[4] After an appeal and cross-appeal, this court determined the parties' promissory note was an unenforceable contract because it lacked an essential term—the time when payment of principal was due. We held that restitution was appropriate and directed that judgment be entered against Pacific West by default, and against Smith as its alter ego, in the amount of $196,810.77 (the $200,000 loaned less one interest payment Smith had made). We remanded to the trial court to establish a "fair and equitable date for Smith to pay Cohen such restitution . . . ." (*Cohen I, supra,* D073787.) In a footnote, we acknowledged that "[e]ntitlement, if any, to prejudgment interest is not before us and we express no opinion on that issue—except to note that 'prejudgment interest at the statutory rate is available only in the absence of an applicable contractual provision.' " (*Ibid.*)

---

[4]     Nussdorf died during the pendency of the action, and the action was thereafter maintained by his successors in interest, including Andrew Cohen, as trustee. (*Cohen I, supra*, D073787.)

On remand, Cohen moved for prejudgment interest running from the date he first asserted a cause of action for rescission (July 27, 2015) to June 25, 2021 (the date the court entered judgment). Citing section 3287, subdivision (a),[5] the trial court determined that Cohen was entitled to 10 percent prejudgment interest, stating:

> "Thus, 'in order to recover prejudgment interest . . . the claimant must show: (1) an underlying monetary obligation, (2) damages which are certain or capable of being made certain by calculation, and (3) a right to recovery that vests on a particular day.' [Citations.] 'The test for recovery . . . is whether [the] defendant actually knows the amount owed or from reasonably available information could the defendant have computed that amount. . . . [A] dispute over liability or uncertainty concerning the damages measure does not render damages unascertainable. [Citations].' " [¶] . . . [¶]

> "Plaintiff included in his initial [c]omplaint and each subsequently amended complaint a cause of action for rescission and a request for the return of the $200,000 owed under the promissory note . . . . It is undisputed that [Smith] personally guaranteed repayment of the $200,000 due under the promissory note, and that [Smith] made only one interest payment in the amount of $3,189.23. It is further undisputed that the Court of Appeal found in Plaintiff's favor on his rescission cause of action and directed this court to enter a $196,810.77 judgment in Plaintiff's favor."

Citing section 3289, subdivision (b), the court awarded Cohen $116,468.84 in prejudgment interest.

---

[5]    Civil Code section 3287, subdivision (a) provides in part: "A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ."

## DISCUSSION

A.  *In an Action for Rescission of an Unenforceable Contract, the Rate of Prejudgment Interest Is Seven Percent*

Section 3289, subdivision (b) provides for interest at the rate of 10 percent "after a breach" of contract.  But here, the contract was determined to be unenforceable.  Cohen's recovery, therefore, could not have been based on breach of contract.  Rather, he was awarded restitution following cancellation of the purposed contract.  Restitution is not intended to compensate for losses resulting from a breach of contract obligation but is rather designed to place the aggrieved party in the position he or she enjoyed before entering the rescinded contract.  (See *Utemark v. Samuel* (1953) 118 Cal.App.2d 313, 317.)  Section 3289, subdivision (b), which by its own terms applies only where there has been a breach of contract, does not apply when there is no contract.

For the same reason, we reject Smith's contention that the court should have applied the variable interest rate as provided in the promissory note.  In *Cohen I*, the promissory note was determined to be an unenforceable contract.  Therefore, the agreed-upon contract rate cannot apply.

Section 1 of article XV of the California Constitution provides in part, "The rate of interest upon the loan or forbearance of any money . . . shall be 7 percent per annum."  This is the applicable rate in this case.  (See *Lund v. Cooper* (1958) 159 Cal.App.2d 349, 351 [seven percent prejudgment interest ran from notice of rescission of an unenforceable contract].)[6]

---

[6]  We requested supplemental briefs on this issue.

B.    *The Transaction Has Been Conclusively Determined to Have Been a Loan*

Smith asserts that the underlying transaction "although having a title of a promissory note was a joint venture agreement . . . ." He insists that "[i]f you look at the case as a promissory note that was thrown out by the court then you are missing the whole substance of the case." From that premise, he contends that "[s]ince the investment hasn't been sold there has never been a sum certain" that would allow an award of prejudgment interest.

This argument fails, not only on forfeiture grounds, but also because in the underlying trial the court determined it was a loan. In no small part, that was probably because Smith drafted the promissory note himself and signed it as a "member" of Pacific West. (*Cohen I*, *supra*, D073787.) In any event, Smith did not challenge that finding in *Cohen I* as being erroneous as a matter of law.

The loan-versus-joint-venture issue was not relitigated on remand. Nor could it have been. The disposition in *Cohen I* directed the trial court to enter judgment against Smith for rescission and left the door open for an award of prejudgment interest. The superior court lacked authority to do anything else. (*Hampton v. Superior Court of Los Angeles County* (1952) 38 Cal.2d 652, 655 [the trial court is empowered to act only in accordance with the direction of the reviewing court; "action which does not conform to those directions is void"].) Thus, even if Smith had attempted to relitigate whether the transaction was a loan or joint venture, the trial court would have lacked subject matter jurisdiction to have done so.

C.    *Cohen I Did Not Preclude An Award of Prejudgment Interest on Remand*

Although Smith's brief lacks argument headings, in several places he asserts that *Cohen I* determined that no prejudgment interest should be awarded.  This reflects a misunderstanding of that earlier decision.  We stated that the issue of prejudgment interest was not before us and expressed no opinion on that issue.[7]  That disposition left the door open for an award of prejudgment interest on remand.

## DISPOSITION

The order awarding prejudgment interest is reversed with directions to recalculate the amount using a rate of seven percent per annum.  Appellant is entitled to costs on appeal.

DATO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.

---

[7]    We also noted that where an "applicable contractual provision" sets an interest rate, the statutory rate does not apply.  (*Cohen I, supra,* D073787.)